### UNITED STATES DISTRICT COURT FOR
### THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Criminal Nos.** |
| | : | |
| v. | : | **18 U.S.C. § 1752(a) and 40 U.S.C. § 5104(e)(2)** |
| | : | |
| **LARRY RENDALL BROCK,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | **FILED UNDER SEAL** |
| | : | |

### GOVERNMENT'S MOTION TO SEAL
### CRIMINAL COMPLAINT AND ARREST WARRANT

The United States of America respectfully moves for this Court to issue an Order directing that the Criminal Complaint, Affidavit in Support of Criminal Complaint, Arrest Warrant, and this Motion to Seal and the accompanying Order to Seal, be placed under seal until further order of the Court. In support of its motion, the Government, which incorporates by reference the accompanying Affidavit of Special Agent Milagro Milaydis Garcia of the Federal Bureau of Investigations (FBI), states as follows:

The government's request for a criminal Complaint and arrest warrant for defendant, Larry Rendall Brock ("BROCK"), is part of an ongoing covert grand jury investigation. At this time, the government requests that the Criminal Complaint, Affidavit in Support of Criminal Complaint, Arrest Warrant, and this Motion to Seal and the accompanying Order to Seal, be placed under seal because they, in substance, are part of, or relate to, this ongoing investigation. More specifically, disclosure of these documents through their inclusion on the public docket would endanger other aspects of the government's ongoing investigation, including the destruction of evidence and the safety of potential witnesses. In particular, disclosure might alert individuals who are the subject

of the investigation of the existence and extent of the investigation, and it might alert these same individuals of the particular methods being used by law enforcement to investigate their criminal activities. As such, disclosure would undoubtedly frustrate the investigation, likely cause some subjects of the investigation to flee and/or destroy evidence, and could endanger the safety of law enforcement agents and witnesses. Accordingly, these facts present an extraordinary situation and a compelling governmental interest which justify sealing of documents pertaining to this investigation that are being submitted at this time. *See Washington Post v. Robinson*, 935 F.2d 282, 289 n.10 (D.C. Cir. 1991); *United States v. Hubbard*, 650 F.2d 293, 316-17 (D.C. Cir. 1980).

WHEREFORE, for all the foregoing reasons, the government respectfully requests that the Criminal Complaint, Affidavit in Support of Criminal Complaint, Arrest Warrant, and this Motion to Seal and the accompanying Order to Seal, be placed under seal until further order of the Court.

Respectfully submitted,

MICHAEL R. SHERWIN
ACTING UNITED STATES ATTORNEY
N.Y. Bar No. 4444188

By:  /s/ Ahmed Baset
AHMED BASET
Assistant United States Attorney
Ill. Bar. No. 6304552
U.S. Attorney's Office for the District of Columbia
Public Corruption & Civil Rights Section
555 4th Street, N.W., 5th Floor
Washington, D.C. 20530
AHMED.BASET@USDOJ.GOV
Tel: (202) 252-7097