# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | **CRIMINAL NO. 1:21-CR-140-JDB** |
| **v.** : | |
| : | |
| **LARRY BROCK,** : | |
| : | |
| **Defendant.** : | |

## UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO MODIFY CONDITIONS OF RELEASE

Comes now the United States of America, by and through its Acting United States Attorney for the District of Columbia, and April Ayers-Perez, Assistant United States Attorney, and files this response to Defendant's Motion to Modify Conditions of Release. For the reasons stated herein, the United States respectfully asks this Honorable Court to deny Defendant's motion.

## PROCEDURAL HISTORY

On January 10, 2021 the Defendant was arrested in the Northern District of Texas for the misdemeanor offenses under Title 18 United States Code Section 1752(a) and Title 40 United States Code Section 5104(e)(2)[1]. [*Dkt. No. 5, p. 1*] On January 14, 2021 a detention and preliminary examination hearing was held in the Northern District of Texas in this case. The Honorable Magistrate Judge Jeffrey L. Cureton found probable cause for the above named charges, and ordered that the Defendant be released on a personal recognizance bond with a number of conditions of pretrial release. [*Dkt. No. 5, pp. 17-19*] Two of those conditions are that the Defendant's travel is restricted to the Northern District of Texas and to and from the District of

---

[1] The Government is continuing to investigate the Defendant for the offense of Obstruction under Title 18 United States Code Section 1512(c).

Columbia for Court purposes unless permission is received from the US Probation Officer, and that the Defendant is to have no internet access except for participation in online classes in which he is enrolled and internet monitoring by the US Probation Officer, subject to change if unable to adapt monitoring, further exception of internet access specifically approved by his pretrial officer. [*Dkt. No. 5, p. 18*]

## ARGUMENT

Under Title 18 United States Code Section 3142(c)(1)(B) a Defendant is "subject to the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community". This "may include the condition that the person satisfy any other condition that is reasonably necessary to assure the appearance of the person as required and to assure the safety of any other person and the community." 18 U.S.C. §3142(c)(1)(B)(xiv)

At the Defendant's preliminary examination and detention hearing conducted in January 2021 in the Northern District of Texas, Federal Bureau of Investigation (FBI) Agent John Moore testified about a number of posts and messages the Defendant made on Facebook in the days and weeks leading up to the January 6, 2021 Capitol Riot.  Agent Moore testified that former Air Force Academy Class of 1989 classmates of the Defendant told Agent Moore that the Defendant posted on a Facebook chat where the Defendant "made reference to a civil war" and that the Defendant stated, "you don't want to find out what kind of republican I am." (*See* Gov't Ex. A) Agent Moore further testified that in the days prior to the Capitol Riot, the Defendant posted a number of messages on Facebook, as are detailed below:

| | |
|---|---|
| November 11, 2020: | "The battle isn't winnable democratically if they complete the steal. They went into court yesterday. Let's see what happens." |
| | "Fire and blood will be needed soon." |
| December 24, 2020: | "I bought myself body armor and a helmet for the civil war that is coming." |
| December 31, 2020: | "We are now under occupation by a hostile governing force. That may seem ludicrous to some, but I see no distinction between a ground of Americans seizing power and governing with complete disregard to the Constitution and an invading force of Chinese communists accomplishing the same objective. Against all enemies foreign and domestic"<br>#OathKeeper #2A #111% |
| | "Definitely not skipping these today. Luck may be needed in the Second Civil War" |
| January 1, 2021: | "I suspect that is what will happen on the 6th. The castle will be stormed. The question is what then?" |
| January 5, 2021: | "This is not a President that sounds like he is giving up the White House." |
| | "I truly believe that if we let them complete the steal we will never have a free election again." |
| | "I really believe we are going to take back what they did on November 3" |
| | "Plane is packed with people going to stop the steal" |
| | "Not interested in missing tomorrow" |
| | "The watch phrase here seems to be Restore Our Republic" |
| January 6, 2021: | "Patriots on the Capitol" |
| | "Patriots storming" |
| | "Men with guns need to shoot there way in" |

|  |  |
|---|---|
|  | "Facebook deleted a post.  Trying to find the name of a woman that was gunned down by Capitol police today.  She was unarmed and is the first Patriot Martyr in the Second American Revolution." |
|  | "Funny BLM is a movement but Patriots are a mob.  The real issue is the ruling class got a quick reminder that they are not untouchable." |
| January 7, 2021: | "The charade of an election is over.  Our vote was stolen.  Time to secede." [*Dkt. No. 5, pp. 30-32*] |

At the conclusion of the preliminary hearing and detention hearing in January 2021, the Court declined to detain the Defendant, but did impose a series of conditions of pre-trial release for the Defendant. [*Dkt. No. 5, pp. 17-19*] The Government requested that there be a condition of no internet access for the Defendant due to the Defendant's inflammatory postings as it related to his conduct on January 6, 2021. The Court stated: "I was trying to think if there was less restrictive, but I don't think I could monitor social media access without restricting internet access.  There's just too many ways to monitor – or to access the internet." (*See* Gov't Ex. B)  The Court ultimately ordered the following condition of release: "no access the internet except for participation in online classes which he is enrolled, and internet monitoring by the U.S. Probation Officer, subject to change if unable to adapt monitoring, further exception of internet access specifically approved by his pretrial officer." [*Dkt. No. 5, p. 18*] The Defendant is now requesting that he be granted internet access and that he have unrestricted travel throughout the State of Texas. [*Dkt. No. 11*]

There is no indication in the Defendant's Motion that the Defendant has a job that would require internet usage[2]. *Id*.  The Defendant notes that he could maintain monitoring software on his device so any illicit internet usage will be communicated to probation, but does not indicate if

---

[2] "He [Brock] is diligently working on new employment as a home inspector and/or flight instructor" [*Dkt No. 11, p. 2*]

4

such software exists or if the Defendant has spoken to probation about whether they have such software available to them. [*Dkt. No. 11, p. 3*]  The Defendant states that he desires to use the internet in part due to educational material that is online for a potential new career as a home inspector, however, the Court has already allowed for that in ordering that there is an exception to his internet restriction. [*Dkt. No. 11, p. 3; Dkt. No. 5, p. 18*] The Defendant is still in the same position as he was at the detention hearing two months ago, when the Court ordered that the Defendant not have internet access with the exception for online classes.  The Defendant's employment status has not changed since that date, nor has the Defendant's affirmatively stated need to get on the internet changed.

The Defendant also states that he is working on new employment as a home inspector and/or a flight instructor, however the Defendant does not state that he is currently employed at either of these jobs, or at any job. [*Dkt. No. 11, p. 2*] The Defendant states that pursuing those careers will require additional local travel which will be burdensome to coordinate ahead of time with his probation officer. [*Dkt. No. 11, p. 2*]  However, the Defendant does not state what that local travel is, where he anticipates he will travel, how often he believes he will travel, or any other specific details as to where and when and why this travel will occur.  Without specificity, it is near impossible for the Government to respond accordingly, or for the probation officer to keep track of the Defendant as closely as his reasonable pretrial conditions require.  As of now, the Defendant is anticipating a future job that has not occurred and of which he has no details.

At this point in time, the Defendant's motion is premature.  The Defendant has shown no evidence that he has obtained employment that would necessitate a change in his pretrial release conditions.   The Government believes that the pretrial release conditions imposed by the

Magistrate Court in the Northern District of Texas are reasonable and adequately provide for the safety of the community.  The Defendant has not provided a change in circumstances to justify a change in release conditions.  Therefore, the Government is requesting that this Court deny the Defendant's motion to modify his bond conditions.  To the extent that the Defendant is able to make concrete and documented efforts that support his request, the Government will indeed reconsider the conditions of release.

Dated: March 25, 2021

        Respectfully submitted,

        CHANNING D. PHILLIPS
        Acting United States Attorney

By:    /s/  *April Ayers-Perez*
        APRIL AYERS-PEREZ
        Assistant United States Attorney
        Detailee
        Texas Bar No. 24090975
        United States Attorney's Office
        District of Columbia
        Phone No.: 956-754-0946
        April.Perez@usdoj.gov