# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | CRIMINAL NO. 1:21-CR-140-JDB |
| v. : | |
| : | |
| **LARRY BROCK,** : | |
| : | |
| **Defendant.** : | |

### UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO RECONSIDER ELECTRONIC MONITORING OR IN THE ALTERNATIVE TO MODIFY CERTAIN RESTRICTIONS ON TRAVEL

Comes now the United States of America, by and through its Acting United States Attorney for the District of Columbia, and April Ayers-Perez, Assistant United States Attorney, and files this response to Defendant's Motion to Reconsider Electronic Monitoring or in the Alternative to Modify Certain Restrictions on Travel. For the reasons stated herein, the United States respectfully asks this Honorable Court to deny Defendant's motion.

### PROCEDURAL HISTORY

On January 10, 2021 the Defendant was arrested in the Northern District of Texas for the misdemeanor offenses under Title 18 United States Code Section 1752(a) and Title 40 United States Code Section 5104(e)(2)[1]. [*Dkt. No. 5, p. 1*][2] On January 14, 2021 a detention and preliminary examination hearing was held in the Northern District of Texas in this case. The Honorable Magistrate Judge Jeffrey L. Cureton found probable cause for the above named charges, and ordered that the Defendant be released on a personal recognizance bond with a number of

---

[1] The Defendant was subsequently indicted for the felony offense of Obstruction of an Official Proceeding, under Title 18 United States Code Section 1512(c).
[2] All docket references are for the case *United States v. Larry Brock*, 1:21-CR-140-JDB.

conditions of pretrial release. [*Dkt. No. 5, pp. 17-19*] Two of those conditions are that the Defendant is ordered to home detention, where he is restricted to his residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities approved in advance by the pretrial services office or supervising officer, and that the Defendant must submit to location monitoring as directed by the pretrial services officer. [*Dkt. No. 5, p. 18*]

On April 17, 2021 this Honorable Court amended the bond conditions in reference to the Defendant's internet access. [*Dkt No. 14*] On May 12, 2021 this Honorable Court ordered the amendment of the Defendant's bond conditions in reference to travel and phone access. [*Dkt No. 17*]

On June 24, 2021 a superseding indictment was returned against the Defendant for the felony offense of obstruction of an official proceeding, as well as five misdemeanor offenses for entering and remaining in a restricted building or grounds, disorderly and disruptive conduct in a restricted building and grounds, entering and remaining on the floor of Congress, disorderly conduct in a Capitol Building, and parading, demonstrating, or picketing in a Capitol Building. [*Dkt. No. 24*]

**ARGUMENT**

Under Title 18 United States Code Section 3142(c)(1)(B) a Defendant is "subject to the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community". This "may include the condition that the person satisfy any other

condition that is reasonably necessary to assure the appearance of the person as required and to assure the safety of any other person and the community." 18 U.S.C. §3142(c)(1)(B)(xiv)

**Continued Electronic Monitoring is Reasonably Necessary to Assure the Appearance of the Defendant and to Assure the Safety of the Community**

At the Defendant's preliminary hearing and detention hearing conducted in January 2021 in the Northern District of Texas, Federal Bureau of Investigation Agent John Moore testified about a number of posts and messages the Defendant made on Facebook in the days and weeks leading up to the January 6, 2021 Capitol Riot. Agent Moore testified that former Air Force Academy Class of 1989 classmates of the Defendant told Agent Moore that the Defendant posted on a Facebook chat where the Defendant "made reference to a civil war" and that the Defendant stated, "you don't want to find out what kind of republican I am." (*See* Gov't Ex. A) Agent Moore further testified that in the days prior to the Capitol Riot, the Defendant posted a number of messages on Facebook, which are detailed below:

November 11, 2020:   "The battle isn't winnable democratically if they complete the steal. They went into court yesterday.  Let's see what happens."

"Fire and blood will be needed soon."

December 24, 2020:   "I bought myself body armor and a helmet for the civil war that is coming."

December 31, 2020:   "We are now under occupation by a hostile governing force.  That may seem ludicrous to some, but I see no distinction between a group of Americans seizing power and governing with complete disregard to the Constitution and an invading force of Chinese communists accomplishing the same objective.  Against all enemies foreign and domestic"
#OathKeeper #2A #111%

"Definitely not skipping these today.  Luck may be needed in the Second Civil War"

| | |
|---|---|
| January 1, 2021: | "I suspect that is what will happen on the 6th.  The castle will be stormed.  The question is what then?" |
| January 5, 2021: | "This is not a President that sounds like he is giving up the White House." |
| | "I truly believe that if we let them complete the steal we will never have a free election again." |
| | "I really believe we are going to take back what they did on November 3" |
| | "Plane is packed with people going to stop the steal" |
| | "Not interested in missing tomorrow" |
| | "The watch phrase here seems to be Restore Our Republic" |
| January 6, 2021: | "Patriots on the Capitol" |
| | "Patriots storming" |
| | "Men with guns need to shoot there way in" |
| | "Facebook deleted a post.  Trying to find the name of a woman that was gunned down by Capitol police today.  She was unarmed and is the first Patriot Martyr in the Second American Revolution." |
| | "Funny BLM is a movement but Patriots are a mob.  The real issue is the ruling class got a quick reminder that they are not untouchable." |
| January 7, 2021: | "The charade of an election is over.  Our vote was stolen.  Time to secede." [*Dkt. No. 5, pp. 30-32*] |

At the conclusion of the preliminary hearing and detention hearing in January 2021, the Court declined to detain the Defendant, but did impose a series of conditions of pre-trial release for the Defendant. [*Dkt. No. 5, pp. 17-19*]   The Court noted at the conclusion of the hearings that it did not have any evidence that the Defendant engaged in any violent actions on January 6th, and

4

that the Defendant was only charged with misdemeanors at that point. [*See Gov't Ex. B, see also Dkt. No. 22, p.* 64] The Court stated that the conditions of release would be restrictive, and that they would involve location monitoring. *Id.* The Court ultimately ordered the following conditions of release[3]: "(p) participate in one of the following location restriction programs and comply with its requirements as directed: (ii) Home Detention.  You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities approved in advance by the pretrial services officer or supervising officer", and "(q) submit to location monitoring as directed by the pretrial services office or supervising officer and comply with all of the program requirements and instructed provided." [*Dkt. No. 5, p. 18*] The Defendant is now requesting that he be removed from the location monitoring device. [*Dkt. No. 22*]

      The pretrial release conditions for location monitoring imposed by the Magistrate Court in the Northern District of Texas are reasonable and adequately provide for the safety of the community.  The Defendant has not provided a change in circumstances to justify a change in release conditions.  The Defendant states that a lack of recorded violence by the Defendant on January 6th is a basis for changing his bond conditions.  However, the Magistrate Judge in the Northern District of Texas specifically accounted for a lack of evidence of violence from the Defendant when he ordered the location monitoring.  Of the slew of conditions that the Magistrate

---

[3] The Court ordered a number of conditions of release, but for the purposes of this Response the Government is only referencing the two conditions that are at issue.

Judge articulated when fashioning the bond conditions for the Defendant[4], the only condition that has changed is that the Defendant is no longer charged with only misdemeanors.

The Defendant contends that his incendiary language on social media in the days and weeks leading up to the Capitol Riot was nothing more than "overheated rhetoric during an especially emotional campaign season." [*Dkt No. 22, p. 4*]  At various points in time leading up to the January 6th attack on the Capitol the Defendant posted that fire and blood would be needed and that he had purchased body armor and a helmet for the Civil War that was coming.  On January 6th, during the Capitol Riot, the Defendant posted on Facebook that "men with guns need to shoot there [sic] way in".  This was not merely overheated rhetoric during a campaign season[5], these were posts detailing the events that were about to transpire.  The Defendant posted that he was purchasing body armor and a helmet, and then was wearing a tactical vest and helmet when he broke into the United States Capitol Building and ended up on the floor of the Senate.  The Defendant stated on the day of the riot that men needed to shoot their way in.  This was indicative of the mindset of the Defendant on January 6th.  These violent comments, along with the evidence of the Defendant inside the United States Capitol with zip-ties and tactical gear, display a public safety threat by the Defendant.  Location monitoring was identified by the Magistrate Judge in the Northern District of Texas as a necessary tool to keep the public safe while the Defendant is out on bond.  Nothing has changed since that initial assessment to alleviate the need to keep the public safe from the Defendant.

---

[4] The Magistrate Judge stated that he was taking into account that the Defendant self-surrendered, did not possess any weapons, was only charged with misdemeanors, there was no evidence of violence from the Defendant on January 6th at that point, and that the Defendant had a long and distinguished military career. (*See Gov't Ex. B*)
[5] Of note, the Defendant's social media posts were posted after the 2020 Presidential Election had concluded, and not during the campaign season.

### Curfew

In the alternative, the Defendant moves the Court to amend his conditions of release to allow reasonable parental visitation. [*Dkt. No. 22, p. 5*] Currently the bond conditions for the Defendant states that the Defendant must "(p) participate in one of the following location restriction programs and comply with its requirements as directed: (ii) Home Detention. You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities approved in advance by the pretrial services officer or supervising officer". [*Dkt. No. 5, p. 18*]

While the government still believes home confinement is the best way to adequately protect the community, because the defendant has already been allowed to leave the home for work, the government does not oppose altering the defendant's release conditions to allow him to see his son. However, the proposal by the defense seems more complicated and difficult to enforce. In speaking with the defendant's pre-trial services agent,[6] the government thinks that GPS monitoring with a curfew from 9:00 p.m. to 6:00 a.m. Central Time, would be most effective. The Government would submit that the new language of the bond conditions, should this Honorable Court grant a curfew for the Defendant, would read:

> The Defendant is restricted to his residence every day from 9:00 p.m. to 6:00 a.m., or as further directed by the pretrial services officer.

---

[6] The pre-trial services agent for the Defendant has stated that a curfew would work for the Defendant, and stated that the times of 9:00 p.m. CT to 6:00 a.m. CT would allow the Defendant to continue the current work schedule that he has. The pre-trial services agent additionally stated that he believes the Defendant would be fine without a location monitoring device.

The Government is still requesting, however, that the Defendant be subject to an electronic location monitor for the safety of the community and to assure that the Defendant appears in Court as ordered.

Dated: June 30, 2021

                                    Respectfully submitted,

                                    CHANNING D. PHILLIPS
                                    Acting United States Attorney

By:    /s/ *April Ayers-Perez*
            APRIL AYERS-PEREZ
            Assistant United States Attorney
            Detailee
            Texas Bar No. 24090975
            United States Attorney's Office
            District of Columbia
            Phone No.: 956-754-0946
            April.Perez@usdoj.gov