IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| United States | ) | |
| | ) | |
| v. | ) | NO.  1:21cr140 |
| | ) | |
| Larry Brock | ) | |
| | ) | |
| Defendant. | ) | |

**REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO MODIFY CONDITIONS OF RELEASE**

**ARGUMENT**

In his motion to modify, Lt. Col. Brock argued that continued electronic monitoring was no longer necessary in light of the government's discovery productions showing that he neither engaged in or planned any violent acts at the United States Capitol on Jan 6. Specifically, Lt. Col. Brock focused on video showing him picking up two pairs of flex cuffs that he found the floor, which disproved the government's argument at his first detention hearing that he might have brought the flex cuffs to the capitol as part of a plan to take hostages. ECF 22 at 2-3 (quoting government's argument). The motion to modify also pointed out that the government's "continuing investigation" had failed to uncover any evidence of violence, property destruction or other wrongful acts by Lt. Col. Brock. *See*, ECF 20 (government's 5-page discovery letter setting forth productions of evidence to the defense). Finally, Lt. Col. Brock argued that the results of the investigation clearly show that social media posts relied on by the government for detention were mere rhetoric.

In response, the government first argues that "the Magistrate Judge in the Northern

District of Texas specifically accounted for the lack of evidence of violence" so there is therefore no changed circumstance. Gov't Resp. at 5. In fact, as defendant's motion states, the changed circumstance here is not merely a lack of evidence of violence, but evidence affirmatively showing peaceful behavior. At the first detention hearing, the government repeatedly dangled the possibility that more damning evidence would emerge against Lt. Col. Brock. For example, counsel for the government stated, "[w]e don't know whether or not he participated in the chants to hang Mike Pence and kill other people that were members of the government." Six months later, the government's investigation has turned up no such evidence. To the contrary, video evidence shows Lt. Col. Brock admonishing another individual to "get out of that chair…it belongs to the Vice President of the United States, it's not our chair. Look, I love you guys, we're brothers, but we can't be disrespectful."

According to the government, "the only condition that has changed is that the Defendant is no longer charged with only misdemeanors." Gov't Resp. at 6. In fact, the new charge does not represent a change in circumstances. On June 23, 2021 (the day before the most recent status hearing), the government obtained a felony indictment for Obstruction of an Official Proceeding under 18 U.S.C. § 1512. However, the charge does not make any factual allegations beyond what was included in the criminal complaint on January 9. ECF 1. When questioned by the Court as to whether some newly discovered evidenced had caused the government to seek a felony indictment, they government did not identify any new evidence. It is not a true change in circumstances but merely a new legal theory the government is advancing over six months into the case.

Finally, the government continues to urge the Court to give political social media

posts attributed to Lt. Col. Brock a literal interpretation. For example, the government argues that, "[t]he Defendant stated [on social media] the day of the riot that men needed to shoot their way in. This was indicative of the mindset of the Defendant on January 6th." Gov't Resp. at 6. There is no evidence that Lt. Col Brock possessed weapons on Jan 6th let alone that he intended to "shoot" his way in. Upon information and belief, additional video evidence will show Lt. Col. Brock entering and exiting the Capitol peacefully under the supervision of law enforcement. The defense has requested this evidence from the government but the government has not yet produced it.

Importantly, the government's response acknowledges that pretrial services is in favor of Lt. Col. Brock's request to be removed from electronic monitoring. The response states: "[t]he pretrial services agent additionally stated that he believes the Defendant would be fine without a location monitoring device." Gov't Resp. at 7 n. 6. With extensive training on risk assessment and over six months of working with Lt. Col. Brock, the pretrial services officer is in the best position to evaluate whether this is a case that calls for electronic monitoring. He has is concluded it is no longer necessary. The defense respectfully suggests this Court should reach the same conclusion.

## CONCLUSION

For the foregoing reasons, the defendant respectfully requests this Court to order that he be removed from electronic monitoring.

Respectfully Submitted,

By:

/s/ *Charles Burnham*
Charles Burnham VSB # 72781
*Attorney for the Accused*
Burnham & Gorokhov, PLLC
1424 K St. NW, Suite 500
Washington, DC 20005
(202) 386-6920 (phone)
(202) 765-2173
charles@burnhamgorokhov.com

**CERTIFICATE OF SERVICE**

I have served this filing on the government through the ecf system.

                        Respectfully Submitted,

                        By: /s/ *Charles Burnham*
                        Charles Burnham VSB # 72781
                        *Attorney for the Accused*
                        Burnham & Gorokhov, PLLC
                        1424 K St. NW, Suite 500
                        Washington, DC 20005
                        (202) 386-6920 (phone)
                        (202) 765-2173 (fax)
                        charles@burnhamgorokhov.com