IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| United States | ) | |
| | ) | |
| v. | ) | NO. 1:21cr140 |
| | ) | |
| Larry Brock | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION TO DISMISS COUNT I OR IN THE ALTERNATIVE FOR A BILL OF PARTICULARS**

**BACKGROUND**

Mr. Brock is charged in a six count indictment with Obstruction of an Official Proceeding (18 U.S.C. § 1512), Entering and Remaining in a Restricted Building or grounds (18 U.S.C. § 1752), Disorderly and Disruptive Conduct in a Restricted Building or Grounds, (18 U.S.C. § 1752), Entering and Remaining on the Floor of Congress, (40 5104(e)(2)(A)), Disorderly Conduct in a Capitol Building (40 U.S.C. § 5104(e)(2)(D)), and Parading, Demonstrating or Picketing in a Capitol Building (40 U.S.C. § 5104(e)(2)(G)).

Mr. Brock traveled to Washington, D.C. to participate in the permitted First Amendment demonstration that took place on January 6. Based on government discovery productions, there is no allegation that Mr. Brock forcibly entered the capitol or engaged in property destruction or violence. All video footage shows him behaving in a peaceable manner.

# ARGUMENT

## I. Count I Should be Dismissed Because § 1512(c) Only Applies to Documents, Records and Other Objects

In *United States v Miller*, Judge Nichols dismissed a § 1512(c) count in a January 6 case, holding that the statute only applied to obstruction with regard to documents, records, and other objections. 2022 WL 823070 (D.D.C. March 7, 2022). Mr. Brock is aware that this Court reached a different conclusion in *United States v. McHugh*, 21cr453 (D.D.C. May 2, 2022) ECF 64. Mr. Brock respectfully disagrees with the Court's conclusion in *McHugh* and submits that Count I should be dismissed for the reasons offered in *Miller*.

## II. § 1512(c) Does Not Apply to the Conduct Alleged Against Mr. Brock

A defendant in a criminal case may move to dismiss the indictment against him on the ground that the it does not apply to the charged conduct. *United States v. Montgomery*, 2021 WL 6134591, at *1 (D.D.C., Dec 28, 2021). Here, § 1512(c)(2) criminalizes "obstruct[ing], influenc[ing], or impeding any official proceed[ing], or attempt[ing] to do so."

The official proceeding in question here is "Congress's certification of the Electoral College vote." The indictment does not allege which acts by Mr. Brock constituted attempts to obstruct this proceeding. Based on discovery productions, it does not appear that the government is going to allege that Mr. Brock entered the United States Capitol until after this proceeding had adjourned. The government is not expected to allege that any of his actions were the cause of the proceeding's adjournment. It would therefore appear that Count I "does not apply to the charged conduct."

To be sure, a district court considering a defense motion to dismiss does not

typically "review the sufficiency of the evidence." *United States v. McHugh*, 2022 WL 296304, at *3 (D.D.C.). However, where particular facts essential to the motion are not disputed, there would seem to be no obstacle to deciding the matter at the pretrial stage. Unless the government can proffer some act by Mr. Brock which, if proven, would constitute an attempt to obstruct the joint session, Count I should be dismissed.

### III. In the Alternative, this Court Should Order the Government to Provide a Bill of Particulars Specifying How Mr. Brock is Alleged to Have Obstructed the Joint Session

If this Court is not prepared to dismiss Count I at this stage, the proper alternative is to order the government to provide a Bill of Particulars. Under Rule 7(f), "a bill of particulars can be used to ensure that the charges brought against a defendant are stated with enough precision to allow the defendant to understand the charges [and] to prepare a defense." *United States v. Concord Mgmt. & Consulting LLC*, 385 F.Supp. 3d 69, 73 (D.D.C. 2019).

This standard is met here. Mr. Brock is differently situated from those January 6 defendants accused of having struggled with police or broken windows to gain access to the Capitol grounds. The evidence will show that he did not arrive on the scene until well after police began allowing people to enter the Capitol, and the Congressmen and Senators had departed. The indictment makes no allegations as to which of his actions could have been obstructive of a proceeding that had already adjourned. A bill of particulars is therefore necessary to allow him to prepare his defense.

### CONCLUSION

For the foregoing reasons, the defendant asks this Court dismiss Count I or in the alternative to order the government to provide a Bill of Particulars.

Respectfully Submitted,

By:

/s/ *Charles Burnham*
Charles Burnham VSB # 72781
*Attorney for the Accused*
Burnham & Gorokhov, PLLC
1424 K St. NW, Suite 500
Washington, DC 20005
(202) 386-6920 (phone)
(202) 765-2173
charles@burnhamgorokhov.com

## CERTIFICATE OF SERVICE

I have served this filing on the government through the ecf system.

Respectfully Submitted,

By: /s/ *Charles Burnham*
Charles Burnham VSB # 72781
*Attorney for the Accused*
Burnham & Gorokhov, PLLC
1424 K St. NW, Suite 500
Washington, DC 20005
(202) 386-6920 (phone)
(202) 765-2173 (fax)
charles@burnhamgorokhov.com