UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 1:21-CR-140-JDB |
| : | |
| LARRY BROCK, : | |
| : | |
| Defendant. : | |

**MEMORANDUM IN OPPOSITION TO MOTION TO COMPEL DISCOVERY**

Defendant Larry Brock seeks [ECF No. 48] to compel production of case specific discovery as well as *Brady*[1] compilation evidence (the "Defense Motion"). For the reasons cited below, and as may be further explained at any hearing on this matter, the Defense Motion is unwarranted and should be denied.

**FACTUAL BACKGROUND**

On June 23, 2021 the grand jury charged Brock by superseding indictment with violations of Title 18 U.S.C. §§ 1512(c)(2) and 2 (Obstruction of an Official Proceeding), Title 18 U.S.C. § 1752(a)(1) (Entering and Remaining in a Restricted Building or Grounds), Title 18 U.S.C. § 1752(a)(2) (Disorderly and Disruptive Conduct in a Restricted Building or Grounds), Title 40 U.S.C. § 5104(e)(2)(A) (Entering and Remaining on the Floor of Congress), Title 40 U.S.C. § 5104(e)(2)(D) (Disorderly Conduct in a Capitol Building), and Title 40 U.S.C. § 5104(e)(2)(G) (Parading, Demonstrating, or Picketing in a Capitol Building). [ECF No. 24] These charges stem from Brock's conduct at the U.S. Capitol on January 6, 2021, as a Joint Session of Congress convened to certify the 2020 U.S. Presidential Election. The Capitol Building and exterior grounds were closed to the public and surrounded by law enforcement officers, barricades, and signage.

---

[1] *Brady v. Maryland*, 373 U.S. 83 (1963).

1

As the congressional session convened, Brock entered the Capitol through the Senate Wing Doors at approximately 2:24 p.m.  Video footage shows Brock on the Senate floor wearing a military-style helmet, khaki pants, and gray and black fatigues over a military vest, holding flex cuffs in his right hand.  An additional photograph shows Brock outside the office of Speaker of the House Nancy Pelosi.  Brock was inside the Capitol for approximately 38 minutes.

On July 1, 2022 the Defendant filed a motion to compel discovery, including case specific discovery detailing (1) evidence demonstrating peaceful behavior by Brock, (2) evidence of Brock's entry to the allegedly restricted area, and (3) "Evidence of informants, undercover agents, cooperating sources and other similar persons present at the Capitol on January 6" (ECF No. 48, at 3).

## ARGUMENT

The Government began producing discovery in this case in March 2021, which has been supplemented by case specific, as well as global discovery, throughout 2021 and 2022. [ECF No. 20, 25]  Discovery produced has included, but is not limited to, Capitol CCV footage, open source videos, photographs, reports, witness statements, etc.

Brock has requested video or video evidence that might show a confrontation between a protestor and a United States Capitol police officer, on the third floor of the Capitol building at approximately 2:41 p.m[2]. [ECF No. 48 at 2].  The undersigned has provided Brock with the location, time, and numbers of cameras that are nearby the are of the alleged altercation, which might have captured the altercation, as well as instructions on how to find that footage in previously provided global discovery.

---

[2] Although Brock does not state a time in his Motion, the government has gone through the video in question and determined that the time that the individual Brock references appears on video is approximately 2:41 p.m.

2

Brock has requested video evidence of an altercation between a rioter and a Capitol Police Officer as Brock is leaving the Capitol building, as well as the status of the Officer's body cam, notes, or reports. [ECF No. 48 at 2-3]. The undersigned has provided CCV footage of the altercation in question[3], as well as has identified the Agency the Officer works for, and status of any body cam. The undersigned has provided the above information to Brock.

Brock has requested video evidence of his entry into the Capitol building. This video footage has previously been provided to Brock, as well as a screenshot of the exact moment, with timestamp on the video where Brock makes entry into the Capitol through the Senate Wing Doors[4]. On July 22, 2022 the undersigned has re-uploaded all of the case specific videos for Brock to view through USAfx, including all of the case specific Capitol CCV footage the undersigned is aware of in this case.

Brock also makes a generic request for evidence of informants, undercover agents, cooperating sources, and other similar persons present at the Capitol on January 6. [ECF No. 48 at 3-4]. The government has produced significant discovery regarding the charged offenses and the events of January 6, 2021 generally. With regard to law-enforcement information, the government has already produced:

> 1,676 files consisting of body-worn camera (BWC) footage from the Metropolitan Police Department recorded between 1:00 p.m. and 6;00 p.m. on January 6, 2021 (see October 7, 2021 discovery letter);
>
> 4,044 files (over one terabyte) consisting of U.S. Capitol Police (USCP) Closed Circuit Video (CCV) footage from 118 cameras (see September 29, 2021 discovery letter);
>
> 11,176 files (over 3 terabytes) consisting of USCP CCV footage from 339 cameras (see October 7, 2021 discovery letter);

---

[3] This footage had previously been provided in May 2021.
[4] This information was provided via e-mail on April 27, 2022. The actual CCV footage had previously been made available, and was made available again on April 27, 2022.

      1,705 files consisting of USCP CCV footage from 58 cameras (see October 15, 2021 discovery letter);

      142 files consisting of U.S. Secret Service surveillance exterior camera footage from January 6, 2021 (see October 23, 2021 discovery letter); and

      Reports from investigations of alleged wrongdoing by USCP and MPD officers on January 6, 2021.  See 09/13/2021 Discovery Letter; 09/29/2021 Discovery Letter.  Those reports detail allegations of USCO officers "pos[ing] for several pictures with Pro-Trump supporters" (see CAPD 000000001); "wai[ving] unauthorized persons into a restricted area secured by bike racks" (see CAPD_000000021); posting on social media about "how to steal an election" (see CAPD_000000510); "initiat[ing] fist bump" with individuals near the Rotunda Lobby East stairs (see CAPD_000000560); "pos[ing] for a photograph" with rioters (see CAPD 000000729; CAPD 000000812); "bump[ing] elbows" with a rioter (see CAPD 000000736; CAPD 000000744), among other allegations.

      We are not aware of any person who was acting on behalf of any government agency as an "agent provocateur" – that is, as a person who committed or acted to entice another person to commit an illegal or rash act – with respect to January 6, 2021.  We decline to identify all government "assets" around or inside the Capitol on January 6, 2021.  Under the Supreme Court's decision in *Roviaro v. United States*, 353 U.S. 53 (1957), the informer's privilege "permits the government to withhold disclosure of an informant's identity or the contents of a communication which would endanger the secrecy of that information."  *United States v. Yunis*, 867 F.2d 617, 622 (D.C. Cir. 1989).  "This privilege exists to further 'the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation.'  *Roviaro* held that this privilege must give way when disclosure of the information 'is relevant and helpful to the defense of an accused.'"  *Id.* (quoting *Roviaro*, 353 U.S. at 60-61).

## CONCLUSION

For these reasons, Brock's motion to compel discovery should be denied.

        Respectfully submitted,

        MATTHEW M. GRAVES
        UNITED STATES ATTORNEY
        D.C. Bar No. 481052

BY:   */s/ April H. Ayers-Perez*
        APRIL H. AYERS-PEREZ
        Assistant United States Attorney
        Detailee
        TX Bar No. 24090975
        11204 McPherson Road, Suite 100A
        Laredo, Texas 78045
        (956) 754-0946
        Email: April.Ayers-Perez@usdoj.gov