UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CRIMINAL NO. 21-CR-140 (JDB)** |
| v. | : | |
| | : | |
| **LARRY BROCK,** | : | |
| | : | |
| Defendant. | : | |

---

### OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COUNT 1: OBSTRUCTION OF AN OFFICIAL PROCEEDING

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully submits this opposition to the defendant's motion to dismiss Count One: Obstruction of an Official Proceeding. The Defendant's motion should be denied because 18 U.S.C. § 1512(c)(2) applies to non-evidentiary obstruction, it applies to Brock's alleged conduct, and a bill of particulars is unwarranted.

### PROCEDURAL POSTURE

Defendant, Larry Brock, is charged with one count in violation of 18 U.S.C. § 1512(c)(2), 2 (Obstruction of an Official Proceeding) (Count One); one count in violation of 18 U.S.C. § 1752(a)(1) (Entering and Remaining in a Restricted Building or Grounds) (Count Two); one count in violation of 18 U.S.C. § 1752(a)(2) (Disorderly and Disruptive Conduct in a Restricted Building or Grounds) (Count Three); one count in violation of 40 U.S.C. § 5104(e)(2)(A) (Entering and Remaining on the Floor of Congress) (Count Four); one count in violation of 40 U.S.C. §5104(e)(2)(D) (Disorderly Conduct in a Capitol Building) (Count Five); and one count in violation of 40 U.S.C. § 5104(e)(2)(G) (Parading, Demonstrating, or Picketing in a Capitol Building) (Count Six). On July 1, 2022, Defendant filed a motion to dismiss Count I of the

1

superseding indictment which charges him with violating 18 U.S.C. § 1512(c)(2) (Obstruction of an Official Proceeding). *See* Def.'s Mot. To Dismiss, 1-3.

## LEGAL STANDARD

### Federal Rule of Criminal Procedure 12(b)(3)(B)(v)

Under Fed. R. Crim. P. 12(b)(3)(B)(v), defendants may move to dismiss an indictment for "failure to state an offense." An indictment may fail to state an offense if the statutory provision at issue does not apply to the charged conduct. *McHugh*, 2022 WL 1302880, at 2* (citing Montgomery, 2021 WL 6134591, at 1*). However, because dismissal encroaches on the grand jury's role, courts must only dismiss indictments under unusual circumstances. *U.S. v. Ballestas*, 795 F.3d 138, 148-49 (D.C. Cir. 2015) (citing *Whitehouse v. U.S. Dist. Court*, 53 F.3d 1349, 1360 (1st Cir. 1995) (internal citations omitted). When considering a motion to dismiss, courts must assume that all factual allegations in the indictment are true and ask whether those allegations, if true, would be legally sufficient to allow a jury to find that the defendant committed the charged crimes. *U.S. v. Bowdoin*, 770 F. Supp.2d 142, 146 (D.D.C. 2011) (citing *U.S. v. Sampson*, 371 U.S. 75, 76 (1962)); *McHugh*, 2022 WL 1302880, at 3*.

### Federal Rule of Criminal Procedure 7(f)

Federal Rule of Criminal Procedure 7(f) says that a court may direct the government to file a bill of particulars. Fed. R. Crim. P. 7(f). "The determination of whether a bill of particulars is necessary 'rests within the sound discretion of the trial court.'" *U.S. v. Mejia*, 448 F.3d 436, 445 (D.C. Cir. 2006) (quoting *U.S. v. Butler*, 822 F.2d 1191, 1193 (D.C. Cir. 1987)). Defendants are not entitled to a bill of particulars, but courts should grant it upon finding it *necessary*. *U.S. v. Mosquera-Murillo*, 153 F. Supp 130, 146 (D.D.C. 2015) (citing Charles Alan Wright & Andrew Leipold, Federal Practice and Procedure: Criminal § 130 (4th ed. 2008)). A bill of particulars is

not required when the indictment is sufficiently specific, or the requested information is available in some other form. *Butler*, 822 F.2d at 1193. A bill of particulars cannot be used as a discovery tool or tactic for previewing the government's case. *U.S. v. Sutton*, No. 21-0598, 2022 WL 1183797, at 2* (D.D.C. Apr. 21, 2022) (citing *Mejia*, 448 F.3d at 445 and *U.S. v. Sanford Ltd.*, 841 F. Supp. 2d 309, 316 (D.D.C. 2012)). Instead, it is solely designed to help defendants understand the charges against them and prepare defenses. *Id.*

## ARGUMENT

I. **Count I should not be dismissed because § 1512(c)(2) applies to any conduct which obstructs, influences, or impedes an official proceeding.**

Although Defendant's motion to dismiss characterizes his narrow interpretation of § 1512(c)(2) as one of two opposing views in this district, this characterization is quite misleading. In fact, Defendant's position goes against the heavy weight of authority on the issue in this district.[1] As this Court has already done, it should reject Defendant's crabbed interpretation of § 1512(c)(2) and deny his motion to dismiss.

### Plain text

The text of the § 1512(c) provides that:

(c) Whoever corruptly-

---

[1] *Compare U.S. v. Caldwell*, No. 21-cr-28, 2021 WL 6062718, at 11* (D.D.C. Dec. 20, 2021) (Mehta, J.), *and U.S. v. Sandlin*, No. 21-cr-88, 2021 WL 5865006, at 5* (D.D.C. Dec. 10, 2021) (Friedrich, J.), *and U.S. v. Robertson*, No. 21-cr-34, 2022 WL 2438546, at 3* (D.D.C. July 5, 2022) (Cooper, J.), *and U.S. v. Mostofsky*, No. 21-138, 2021 WL 6049891, at 11* (D.D.C. Dec. 21, 2021) (Boasberg, J.), *and U.S. v. Montgomery*, No. 21-46, 2021 WL 6134591, at 10* (D.D.C. Dec. 28. 2021) (Moss, J.), *and U.S. v. Nordean*, No. 21-175, 2021 WL 6134595, at 6* (D.D.C. Dec. 28, 2021) (Kelly, J.), *and U.S. v. Grider*, No. 21-0022, 2022 WL 392307, at 5* (D.D.C. Feb. 9, 2022) (Kollar-Kotelly, J.), *and U.S. v. McHugh*, No. 21-453, 2022 WL 1302880, at 2* (D.D.C. May 2, 2022) (Bates, J.), *and U.S. v. Bingert*, No. 1:21-cr-91-RCL, 2022 WL 1659163, at 7* (D.D.C. May 25, 2022) (Lamberth, J.), *and U.S. v. Fitzsimons*, No. 21-158, 2022 WL 1698063, at 6* (D.D.C. May 26, 2022) (Contreras, J.), *with U.S. v. Miller*, No. 1:21-cr-00119, 2022 WL 823070, at 6* (D.D.C. Mar. 7, 2022) (Nichols, J.), *appeal docketed*, No. 22-3041 (D.C. Cir. June 28, 2022).

> 1) alters, destroys, mutilates, or conceals a record, document, or other object, or attempts to do so, with the intent to impair the object's integrity or availability for use in an official proceeding; *or*
> 2) otherwise obstructs, influences, or impedes any official proceeding, or attempts to do so,
>
> shall be fined under this title or imprisoned not more than 20 years, or both

18 U.S.C. § 1512(c). As this Court has noted, a plain reading of the statute indicates that conduct that obstructs, influences, or impedes an official proceeding *in a different way* than the conduct enumerated in § 1512(c)(1) is covered by (c)(2). *McHugh*, 2022 WL 1302880, at 3* (citing Oxford English Dictionary (3d ed. 2004)). Section 1512(c)(2) therefore covers conduct aimed at the proceeding itself, without limitation to conduct listed in (c)(1), comes from the use of the verbs "obstructs," "influences," and "impedes." *See Montgomery*, 2021 WL 6134591, at 14* ("[T]he Court might ask here: How anyone could . . . "obstruct[], influence[], or impede[]" "a record, document, or other object"").

Defendant's reliance on *Miller* for a contrary conclusion is unpersuasive. The ejusdem generis canon of construction, which underlies the *Miller* decision, is inapt for § 1512(c) because it applies only to enumerations that end in a generic term. *McHugh*, 2022 WL 1302880, at 3* (citing *Overdevest Nurseries, L.P. v. Walsh*, 2 F.4th 977, 983 (D.C. Cir. 2021)). In contrast to ejusdem generis-appropriate enumerations, § 1512(c) has two separate paragraphs with a semicolon separating "otherwise" from (c)(1) and with distinct sets of verbs and direct objects. *Id.* at 4*; *Caldwell*, 2021 WL 6062718, at 18*; *Mostofsky*, 2021 WL 6049891, at 11*.

*Miller*'s reliance on *Begay v. United States*, 553 U.S. 137 (2007), in its reasoning is similarly misplaced for two main reasons. First, § 1512(c) is readily distinguishable from § 924(e)(2)(b)(ii), the statute at issue in *Begay*. Unlike in § 924(e)(2)(b)(ii), the "otherwise" in § 1512(c) is set off by a semicolon and a line break, and the provision is quite grammatically

distinct. 18 U.S.C. § 924(e)(2)(b)(ii); § 1512(c); *see McHugh*, 2022 WL 1302880, at 4* (citing Caldwell 2021 WL 6062718, at 14*); *Montgomery*, 2021 WL 6134591, at 12* (noting that the two provisions in § 1512 do not overlap in the same way they do in § 924(e)(2)(b)(ii) because (c)(2) directly aims at the official proceeding and (c)(1) indirectly aims at it). Second, *Begay* is not dispositive of the word "otherwise" since the issue in the case did not turn on its meaning. *See Bingert*, 2022 WL 1659163, at 8* ("No Justices contend that the term "otherwise," on its own, somehow limits the scope of a statute so that the antecedent clause is limited by what precedes 'otherwise'"); *see also Begay*, 553 U.S. at 144 ("[T]he word 'otherwise' can (we do not say must) refer to a crime that is similar to the listed examples in some respects but different in others").

As this Court has noted, a more comprehensive interpretation of § 1512(c) gives effect to the word "otherwise" in a way that the interpretation advanced in *Miller* does not. *McHugh*, 2022 WL 1302880, at 5-6.* If Congress wanted to limit the statute to physical evidence integrity, there would have been no need to include language about *otherwise* obstructing, influencing, or impeding the official proceeding *itself. See Montgomery*, 2021 WL 6134591, at 12* (pointing out that Congress could have used "engages in conduct that otherwise impairs the integrity or availability of evidence or testimony for use in an official proceeding" if it wanted to have a catch-all provision limited only to evidence-related conduct). As this Court pointed out, statutes similar to § 1512(c), like 28 U.S.C. § 2466(a) and 18 U.S.C. § 1952(a), have been interpreted as using "otherwise" as a catch-all to capture conduct not specifically enumerated, but plainly envisioned, and this is, in fact, the whole point of a catch-all. *See McHugh*, 2022 WL 1302880, at 5* (*citing Collazos v. U.S.,* 368 F.3d 190, 200 (2d Cir. 2004)).

For all the reasons explained above, the plain text of § 1512(c) indicates that (c)(2) is not limited by the language of (c)(1) to documents, records, and other objects, but instead covers any conduct which obstructs, influences, or impedes the official proceeding itself.[2]

### Context and Purpose

In addition to its plain text, § 1512(c)(2)'s context and purpose also militate against dismissal. The statutory context and overlap with other statutes in § 1512 do not provide evidence of an intent to narrow the scope of § 1512(c)(2), as *Miller* suggests. Overlap like the kind in § 1512 is both common in criminal law and not the kind of overlap that the canon against surplusage disfavors. *See McHugh*, 2022 WL 1302880, at 7* ("Congress may, and often does, enact separate criminal statutes that may, in practice, cover some of the same conduct" (quoting *Hubbard v. U.S.,* 514 U.S. 695, 714 n.14 (1995))); *Sandlin*, 2021 WL 5865006, at 8* (stating that the canon against surplusage does not favor "substituting of one instance of superfluous language for another" (quoting *United States v. Ali*, 718 F.3d 929, 938 (D.C. Cir. 2013))). As this Court observed, even *Miller*'s narrow interpretation of § 1512(c)(2) would overlap with seven other § 1512 provisions, undercutting the argument that the canon against surplusage in any way favors Defendant's interpretation. *McHugh*, 2022 WL 1302880, at 7*.

Defendant also draws support from § 1512's historical development and legislative history. As an initial matter, "neither sheds much light" on Section 1512(c)(2)'s scope. *Reffitt*, 2022 WL 1404247, at *9. What illumination historical context and legislative history does offer favors the view that Section 1512(c)(2) "creates direct liability for an individual's obstructive acts beyond those relating to physical evidence." *Id.* For example, the relevant verbs in Section

---

[2] Even if this Court found that § 1512(c) should be limited to obstructing evidentiary material, the statute would still cover Defendant's conduct, as he was found on the Senate floor rifling through Senator's paperwork.

1512(c)(2)—"obstruct[]," "influence[]," and "impede[]"—were "likely adapted" from the "expansive prohibitions" on obstruction found in 18 U.S.C. § 1503(a) and 18 U.S.C. § 1505. *See McHugh*, 2022 WL 1302880, at *10. That "broader reading," moreover, finds support in floor statements of the lawmakers that enacted Section 1512(c)(2). *See id.* at *12. And to the extent Congress's enactment of Section 1512(a)(2)(B) just three months after the enactment of Section 1512(c) might tend to undermine the plain-language interpretation of Section 1512(c)(2), *see* Opp. 20-21, the fact that Section 1512(a)(2) was "written and first approved" a year earlier than it was enacted—and therefore nine months before Section 1512(c)(2) was enacted—"somewhat undermines the inference" based on Section 1512(a)(2) that *Miller* drew about Section 1512(c)(2)'s scope. *McHugh*, 2022 WL 1302880, at *9 n.17.

Finally, as this Court correctly pointed out, if Congress wanted to draft the narrow catch-all provision that Defendant insists on, it knew perfectly well how to do so. *See McHugh*, 2022 WL 1302880, at 10* ("Whoever . . . willfully withholds, misrepresents, removes from any place, conceals, covers up, destroys, mutilates, alters, or by other means falsifies any documentary material . . . [s]hall be fined under this title . . ." (quoting 18 U.S.C. § 1505)). The fact that instead of using language like § 1505, Congress chose to use expansive language demonstrates that it intended to capture broadly obstructive conduct aimed at the proceedings themselves. *See Sandlin*, 2021 WL 5865006, at 5* (referring to the terms of § 1512(c)(2) as "expansive"). This Court should give full effect to Congress's clear intent by broadly construing § 1512(c)(2) based on the broad language Congress intentionally chose to put in it.

Nothing in § 1512(c)(2)'s context, purpose, or history warrants a departure from the plain breadth of its text. The language of § 1512 (c)(2) unambiguously covers conduct that obstructs official proceedings in a way that is different from, and not limited by (c)(1)'s prohibition of

obstructive behavior concerning documents, records, and other objects. Because the statute is clear, there is no need to resort to the rule of lenity to resolve the issue. Therefore, Count I should not be dismissed because it applies to conduct aimed at the official proceeding itself, not simply documents, records, and other objects.

## II.     § 1512(c) squarely applies to Brock's alleged conduct on January 6, 2021.

The facts contained in the Superseding Indictment, if proven, are sufficient to allow a jury to find that Defendant committed Obstruction of an Official Proceeding under § 1512(c)(2). Specifically, the Superseding Indictment alleges that Defendant "attempted to, and did, corruptly obstruct, influence, and impede an official proceeding, that is, a proceeding before Congress, specifically, Congress's certification of the Electoral College vote as set out in the Twelfth Amendment of the Constitution of the United States and 3 U.S.C. §§ 15-18." *See* Superseding Indictment, 1-2.

Rule 12 permits a party to raise in a pretrial motion "any defense, objection, or request that the court can determine *without a trial on the merits*." Fed. R. Crim. P. 12(b)(1) (emphasis added).  It follows that Rule 12 "does not explicitly authorize the pretrial dismissal of an indictment on sufficiency-of-the-evidence grounds" unless the government "has made a *full* proffer of evidence" or the parties have agreed to a "stipulated record," *United States v. Yakou*, 428 F.3d 241, 246-47 (D.C. Cir. 2005) (emphasis added)—neither of which has occurred here. Indeed, "[i]f contested facts surrounding the commission of the offense would be of *any* assistance in determining the validity of the motion, Rule 12 doesn't authorize its disposition before trial." *United States v. Pope*, 613 F.3d 1255, 1259 (10th Cir. 2010) (Gorsuch, J.). Criminal cases have no mechanism equivalent to the civil rule for summary judgment. *United States v. Bailey*, 444 U.S. 394, 413, n.9 (1980) (motions for summary judgment are creatures of

civil, not criminal trials); *Yakou*, 428 F.2d at 246-47 ("There is no federal criminal procedural mechanism that resembles a motion for summary judgment in the civil context"); *United States v. Oseguera Gonzalez*, No. 20-cr-40-BAH at *5, 2020 WL 6342940 (D.D.C. Oct. 29, 2020) (collecting cases explaining that there is no summary judgment procedure in criminal cases or one that permits pretrial determination of the sufficiency of the evidence).  Accordingly, dismissal of a charge does not depend on forecasts of what the government can prove.  Instead, a criminal defendant may move for dismissal based on a defect in the indictment, such as a failure to state an offense.  *United States v. Knowles*, 197 F. Supp. 3d 143, 148 (D.D.C. 2016). Whether an indictment fails to state an offense because an essential element is absent calls for a legal determination.

Under these principles, Defendant's speculation that the proof will fail to establish that he caused the Certification proceeding to adjourn is premature.  In any event, whether Defendant entered the Capitol before the proceeding adjourned is immaterial to the charges against him.  A violation of § 1512(c)(2) requires showing that a defendant corruptly obstructed, influenced, or impeded an official proceeding.  It depends in no way on Defendant's precise geographical location at some particular time.

### III.     Defendant's motion for a Bill of Particulars should be denied.

Although Defendant's motion to dismiss claims not to have enough information to prepare a defense, it simultaneously references the very conduct which obstructed the official proceeding. Brock Mot. To Dismiss, 3. The superseding indictment and evidence produced in discovery make abundantly clear what conduct Defendant engaged in, which obstructed the proceeding. Defendant forcefully entered the Capitol as part of a mob during Congress's certification of the Electoral College vote. He entered the Senate chamber where the proceeding

9

had been taking place and appeared to exit from the office of the Speaker of the House. It is irrelevant that he entered after the proceeding had adjourned because the very reason it adjourned was the threat of the collective mob that Defendant was a part of. Defendant cannot extricate himself from the collective threat the mob posed to members of Congress and the Vice President, which was precisely the threat that caused the proceeding to halt. Because it is clear from the evidence produced by the government and the Indictment what conduct forms the basis for the § 1512(c) charge, Defendant's motion for a bill of particulars should be denied.

The case law on this issue makes clear that Defendant's motion for a bill of particulars should be denied. Judge Boasberg denied Mostofsky's motion for a bill of particulars on a § 1512(c) count, rejecting the defendant's contention that he would be deprived of sufficient notice if the government did not answer whether he obstructed a proceeding by virtue of being in the building. *U.S. v. Mostofsky*, No. 21-138, 2021 WL 3168501, at 4* (D.D.C. July 27, 2021) ("While he may wish for more detail on the Government's form of proof at trial or its legal theories, it has sufficiently explained the basis of the charge"). Defendant is similarly not entitled to more information about specifically how the government will carry its burden of proof at trial, given the conduct already revealed in the Superseding Indictment and discovery about him entering the Senate chamber and appearing just outside the House Speaker's office Moreover, through discovery, Defendant has access to pictures of himself in the Senate, outside the Speaker's office, and identifying witness statements. It is not difficult to deduce from that evidence how his conduct obstructed the proceeding on January 6, 2021.

Defendant's motion for a bill of particulars should be denied because the Superseding Indictment and discovery material provide more than enough information to enable him to understand how his conduct obstructed the certification of the electoral votes.

## CONCLUSION

For the foregoing reasons, and any additional reasons as may be cited at a hearing on this motion, the government respectfully requests that the defendant's motion be denied.

Respectfully submitted,
MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:     /s/ *April H. Ayers-Perez*
APRIL H. AYERS-PEREZ
Assistant United States Attorney
Detailee
TX Bar No. 24090975
11204 McPherson Road, Suite 100A
Laredo, Texas 78045
April.Ayers-Perez@usdoj.gov
(956) 754-0946