#### IN THE UNITED STATES DISTRICT COURT FOR THE
#### DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| United States | ) | |
| | ) | |
| v. | ) | NO. 1:21cr140 |
| | ) | |
| Larry Brock | ) | |
| | ) | |
| Defendant. | ) | |

### MOTION TO CONTINUE SENTENCING

Comes now the Defendant Larry Brock and moves to continue his sentencing date. Mr. Brock submits the following:

1. Mr. Brock's sentencing is set for March 17.

2. Over the past few days multiple developments in the January 6 cases have come to light that are material to Mr. Brock's case.

3. On the TV Show Tucker Carlson Tonight the host aired footage received directly from the United States Congress. The footage included exculpatory material from the case of *United States v. Jacob Chansley*, 1:21-cr-03. Mr. Chansley's then-counsel has publicly stated that the government had not provided him with this footage.[1] The fact that plainly exculpatory footage was suppressed in Mr. Chansley's case raises the obvious question of whether there was a systemic discovery problem which extends to other cases.

4. In the so-called "Proud Boys" case, a motion was filed yesterday which alleges that federal agents improperly accessed attorney client communications,

---

[1] https://www.washingtonexaminer.com/policy/courts/tucker-jan-6-videos-creates-legal-headache-for-doj-in-prosecution

destroyed evidence, and altered evidence. *United States v. Dominic Pezzola*, 1:21-cr-175-TJK, ECF 679. The motion alleges that these facts were revealed through government discovery productions and live testimony in the trial. *Id*. at ECF 7.

5. If yesterday's allegations from the Proud Boys case turn out to be accurate, it is essential for all January 6 defendants to know whether such flagrantly illegal practices affected their cases as well. This would be especially true if the illegalities were not disclosed by the government in a forthright manner but instead had to be smoked out by the Proud Boys defense attorneys.

6. On the date of filing, undersigned counsel sent correspondence to the government asking it to make renewed inquiries in light of these allegations into whether discovery violations or agent misconduct had affected Mr. Brock's case. *Jean v. Collins*, 221 F.3d 656, 661 (4th Cir. 2000)(*citing Kyles v. Whitley*, 514 U.S. 419 (1995))(prosecution duty to learn of favorable evidence known to others acting on the government's behalf including law enforcement). To the extent such things did take place in Mr. Brock's case, it could be grounds for post-trial motions and could also be mitigating for sentencing.

7. Undersigned counsel also had a discussion with counsel for the government following the written correspondence. Government counsel are still discussing how to respond to Mr. Brock's inquires and to these issues more broadly. The government objects to a continuance of the sentencing date.

8. Presumably, in just a few weeks' time the government will respond to the serious allegations in the Proud Boys case and the Court will order whatever

investigation or hearings appear to be warranted to get to the truth.

9. A brief continuance is reasonable to allow this process to play out before proceeding to the final order stage of Mr. Brock's case. This is particularly true due to the Mr. Brock's perfect compliance with pretrial supervision conditions.

For the foregoing reasons, defendant Larry Brock respectfully requests a reasonable continuance of his sentencing.

Respectfully Submitted,

By:

/s/ *Charles Burnham*
Charles Burnham VSB # 72781
*Attorney for the Accused*
Burnham & Gorokhov, PLLC
1424 K St. NW, Suite 500
Washington, DC 20005
(202) 386-6920 (phone)
(202) 765-2173
charles@burnhamgorokhov.com

## CERTIFICATE OF SERVICE

I have served this filing on the government through the ecf system.

                                                 Respectfully Submitted,

                                                 By: /s/ *Charles Burnham*
Charles Burnham VSB # 72781
*Attorney for the Accused*
Burnham & Gorokhov, PLLC
1424 K St. NW, Suite 500
Washington, DC 20005
(202) 386-6920 (phone)
(202) 765-2173 (fax)
charles@burnhamgorokhov.com