## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| United States | ) | |
| | ) | |
| v. | ) | NO.  1:21cr140 |
| | ) | |
| Larry Brock | ) | |
| | ) | |
| Defendant. | ) | |

### MOTION TO WITHDRAW SENTENCING MEMORANDUM AND SUBSTITUTE AMENDED SENTENCING MEMORANDUM IN LIGHT OF COURT RULINGS

Comes now the Defendant Larry Brock and moves to withdraw his previously filed sentencing memo and for permission to file the attached amended memo in its place.  In support of this request, Mr. Brock submits that:

1.    On March 10 Larry Brock filed a motion to seal certain portions of his sentencing memorandum.  (No ECF #).  Mr. Brock requested permission to redact the names of individuals who had written to the Court on his behalf and filed a sentencing memo bearing such redactions.  ECF 90  The Court denied the request to seal.

2.    In a motion to reconsider the Court's order, Mr. Brock requested the alternative relief of additional time to "consult with supporters and consider whether certain portions of the under-seal materials should simply be withdrawn [in order to] protect his loved ones from being targeted even at some prejudice to his case."  ECF 91.  The Court granted this request.

3.    Mr. Brock has consulted with his supporters and now moves to withdraw his

prior sentencing memorandum and submit the attached Amended Sentencing Memorandum (Exhibit 3).

4.      As the Court will observe, information from Mr. Brock's friends and family has been converted from references to specific letters into attorney proffers. Accepting attorney proffers is a not uncommon practice at sentencing, at least on factual matters that are not heavily controverted. *See, e.g.*, *United States v. Miracle*, 2018 WL 4655785, *3 (E.D. Kentucky)("[a]ccording to his attorney's proffer, Defendant has abstained from alcohol for eight years.").  With one exception, the letters themselves are no longer being offered to the Court as exhibits.  Mr. Brock has consulted with counsel for the government who takes no position on offering the information to the Court in this manner.

5.      No additional changes were made to the memo other than some nonsubstantive formatting.

6.      Mr. Brock understands that the lack of names is relevant to the weight the Court may assign to the information.  As stated above, Mr. Brock cannot justify exposing his friends and family to harassment and potential professional consequences.

For the foregoing reasons, defendant Larry Brock respectfully requests the Court allow Mr. Brock to withdraw ECF 90 (redacted sentencing memo) and receive Ex. 3 to this filing (with exhibits) as Mr. Brock's amended sentencing memorandum.

Respectfully Submitted,

By:

/s/ *Charles Burnham*
Charles Burnham VSB # 72781
*Attorney for the Accused*
Burnham & Gorokhov, PLLC
1424 K St. NW, Suite 500
Washington, DC 20005
(202) 386-6920 (phone)
(202) 765-2173
charles@burnhamgorokhov.com

**CERTIFICATE OF SERVICE**

I have served this filing on the government through the ecf system.


Respectfully Submitted,


By: /s/ *Charles Burnham*
Charles Burnham VSB # 72781
*Attorney for the Accused*
Burnham & Gorokhov, PLLC
1424 K St. NW, Suite 500
Washington, DC 20005
(202) 386-6920 (phone)
(202) 765-2173 (fax)
charles@burnhamgorokhov.com