**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**


|                         |     |                  |
| ----------------------- | --- | ---------------- |
|                         | )   |                  |
| United States           | )   |                  |
|                         | )   |                  |
| v.                      | )   | NO.  1:21cr140   |
|                         | )   |                  |
| Larry Brock             | )   |                  |
|                         | )   |                  |
|                         | )   |                  |
| Defendant.              | )   |                  |


**MOTION FOR RELEASE PENDING APPEAL**

Pursuant to 18 U.S.C. § 3141(b) and 3143(b) and Fed. R. Crim. P. 46(c) & 38(b)(1), Defendant Larry Brock respectfully moves for release pending appeal and stay of execution of his sentence.  Mr. Brock has a perfect record on pretrial release and his appeal is likely to raise at least two legal issues where the judges of this Court have themselves disagreed on the right answer.  If resolved in his favor, either of these issues would likely result in a sentence that would have expired before the appeals were completed.

Pretrial services does not object to this request.  The government opposes.

**BACKGROUD**

This Court sentenced Mr. Brock following a bench trial to twenty-four months for Obstruction of an Official Proceeding, 12 months each for two § 1752 misdemeanor offenses and 6 months each for three § 5104 misdemeanor offenses.  ECF 98.  All sentences are concurrent. *Id*.

**LEGAL STANDARD**

A court "shall order the release of an individual pending appeal if it finds:

(A)     By clear and convincing evidence that the person is not likely to flee or pose a

danger to the safety of any other person or the community if released…; and

(B)     That the appeal is not for the purpose of delay and raises a substantial

question of law or fact likely to result in –

(i)  Reversal,

(ii)  An order for a new trial,

(iii)  A sentence that does not include a term of imprisonment, or

(iv) A reduced sentence to a term of imprisonment less than the total time already

served plus the expected duration of the appeal process.

18 U.S.C. 3143 (b)(1).  A "substantial question is a "close question or one that very well could be decided the other way." *United States v. Perholtz*, 836 F.2d 554, 555 (D.C. Cir. 1987).  A defendant need not show he is likely to prevail on appeal.  *Id*.

We address these criteria as follows:

### A.     No Flight or Safety Risk

As the Court was recently informed in detail at sentencing on the facts of Mr. Brock's life, they will not be repeated at length here.  Mr. Brock is a heavily decorated military veteran, he has no prior criminal history and has a perfect record on supervised release.  He will not be a safety or flight risk if released.

### B.     The Appeal is Not for Purposes of Delay and Raises Substantial Questions of Law or Fact

Mr. Brock has an unusually strong case for release pending appeal because he has two issues to raise where the judges of this Court are themselves in disagreement.  These issues are:

1.    § 1512 Issue

Like many defendants, Mr. Brock moved pretrial to dismiss the Obstruction of

Official Proceeding Count under 18 U.S.C. § 1512(c).  ECF 46.  The Court denied the

motion, having already ruled on the issue in a prior case by that point.  ECF 58.

However, one member of this Court came down differently on the § 1512 issue and

dismissed the count.  *United States v. Miller*, 21-cr-119-CJN, ECF 72.  The government

appealed the ruling and it went for oral argument in December.  *United States v. Miller*,

22-3041 (D.C. Cir.).  The oral argument suggested to many observers that at least some

members of the panel are sympathetic to Judge Nichols' view and/or other legal

arguments against the governments interpretation of Obstruction of an Official

Proceeding.[1]

Mr. Brock intends to appeal this Court's denial of his motion to dismiss count I.  In

view of other members' of the bench disagreement on this issue, it is clearly a substantial

question of law for these purposes.

2.    **Substantial Interference Guideline Enhancement § 2J.2(b)(1)**

At sentencing Mr. Brock contested the probation department's application of the 3-

level enhancement for substantial interference under § 2J.2(b)(1).  ECF 96 at 4.  Mr.

Brock argued that the enhancement only applied to conduct that interfered with an "the

administration of justice" and that as a matter of law "administration of justice" was

limited to judicial proceedings and did not cover the electoral count.  The Court ruled

against Mr. Brock while acknowledging that this was a legal question on which there was

no controlling precedent and a split amount the other authorities.  Specifically, another

---

[1] *See, e.g.*, https://www.lawfareblog.com/dc-circuit-holds-power-upend-hundreds-
prosecutions-jan-6-rioters

member of this Court in *United States v. Hale-Cusanelli*, 21-cr-37-TNM and the 5th

Circuit in *United States v. Richardson*, 676 F.3d 491, 502 (5th Cir. 2021), have accepted

Mr. Brock's interpretation of this guideline.

Like the § 1512 issue, Mr. Brock's guideline issue is a genuinely contested question

of law where judges have arrived at different conclusions.  They are both classic

appellate issues.  Either one of these issues by itself would be a sufficient predicate for

release pending appeal but both of them together make this an exceptionally strong case.

**C.     Resolution of these substantial questions in Mr. Brock's favor would likely result in a reduced imprisonment sentence that would expire before the appeal concludes**

The current median time interval from the filing of a notice of appeal to disposition

in the D.C. Circuit is 11.3 months.[2]  However, Mr. Brock's appeal will probably take

longer because the Circuit Court will likely hold Mr. Brock's case in abeyance while

*Miller* is being decided.  Even if the *Miller* panel decision arrives shortly the case is

likely to be the subject of a petition for rehearing *en banc* followed by certiorari petition.

Once the *Miller* case is final, the Circuit Court may well ask for further briefing in the

cases that are trailing it.  All told, it is very plausible that Mr. Brock's appeal may take

longer than his 24-month sentence on Count I, let alone the shorter concurrent sentences

on the lesser charges.

If Mr. Brock's § 1512 conviction is reversed, his next longest sentence is 12

months.  However, there is no guarantee that in this circumstance Mr. Brock would serve

even that much time.  Upon the § 1512 reversal, Mr. Brock's case would be remanded to

this Court for resentencing on the remaining counts, which are all misdemeanors.

---

[2] https://www.uscourts.gov/sites/default/files/data_tables/jb_b4_0930.2021.pdf

Although the Court will retain full sentencing discretion at this proceeding, it is well known that many misdemeanor January 6th defendants have little or no incarceration and very few have received 12 months.  Ex. 1 – Sentencing Chart Prepared by Government.

Mr. Brock's guideline issue, either by itself or combined with a successful result on the § 1512 issue, is also likely to result in a sentence that would expire before the appeal. Mr. Brock's 24-month sentence on count I is the low end of his guidelines as found by the Court.  If the 3-level enhancement for substantial interference had not been assessed, Mr. Brock's guidelines would have been 15-21 (14/I).  If Mr. Brock's appeal extends even a short time beyond the average (as seems likely) resolution of the guideline issue alone is likely to result in a sentence that expires before his appeals are exhausted.

**D.     Other Cases**

Mr. Brock is aware of two January 6 cases where the Court granted release pending appeal.  In *United States v. Rahm*, a defendant facing a 12 month sentence argued for release pending appeal based on his § 1512 obstruction count (ECF 76-1 at 3-4) and substantial interference enhancement (*Id*. at 4-5).  21-cr-150-RJL.  The Court granted the motion.  ECF 80.

In *United States v. Seefried*, a defendant sentenced to 36 months filed a similar motion, relying on the § 1512 issue.  1:21-cr-287-TNM.  The Court granted the motion, stating that:

> Seefried's three-year sentence is driven by the § 1512 conviction…[t]he Court finds that, in light of the current median time appeals remain pending in the Circuit, Seefried's sentence absent the obstruction count could be less than the time it takes for the appellate process in *Miller* to resolve.  This is especially true given that Seefried's other counts of convictions would all be misdemeanors if § 1512(c) is found inapplicable to his conduct.

ECF 151 at 3.

## CONCLUSION

For the foregoing reasons, Mr. Brock respectfully requests this Court to grant him

release pending appeal on the same conditions that currently apply.


Respectfully Submitted,

By:

/s/ *Charles Burnham*
Charles Burnham VSB # 72781
*Attorney for the Accused*
Burnham & Gorokhov, PLLC
1424 K St. NW, Suite 500
Washington, DC 20005
(202) 386-6920 (phone)
(202) 765-2173
charles@burnhamgorokhov.com

**CERTIFICATE OF SERVICE**

I have served this filing on the government through the ecf system.

Respectfully Submitted,

By: /s/ *Charles Burnham*
Charles Burnham VSB # 72781
*Attorney for the Accused*
Burnham & Gorokhov, PLLC
1424 K St. NW, Suite 500
Washington, DC 20005
(202) 386-6920 (phone)
(202) 765-2173 (fax)
charles@burnhamgorokhov.com