UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CASE NO. 21-CR-140-JDB |
| v. : | |
| : | |
| LARRY BROCK, : | |
| : | |
| Defendant. : | |

### United States' Opposition to Defendant's Motion for Release Pending Appeal

The United States of America respectfully opposes Larry Brock's March 28, 2023 motion for release pending appeal. Brock participated in the Capitol riot on January 6, 2021 and was convicted after a bench trial of one felony and five misdemeanors. He was sentenced to serve a total of twenty-four (24) months in custody, broken down as follows: a sentence of twenty-four (24) months on Count 1, 18 U.S.C. §1512(c)(2), a sentence of twelve (12) months on Counts 2 and 3, 18 U.S.C. §§1752(a)(1) & (2), and a sentence of six (6) months on Counts 4 through 6, 40 U.S.C. §§ 5104(e)(2)(A), (D), and (G), all to be served concurrently.  ECF 98, Judgment & Conviction, at 3. The defense has alleged in its motion that his reporting date to the Bureau of Prisons is April 25, 2023. ECF 104 at 2. Because Brock has not shown that his appeal "raises a substantial question of law or fact likely to result in" a reduced or probationary sentence, this Court should deny his motion. 18 U.S.C. § 3143(b)(1).

#### BACKGROUND

Brock was charged in a six count Superseding Indictment that was returned on June 23, 2021.  Brock was charged with violation Title 18, United States Code, Sections 1512(c)(2) and 2 (Obstruction of an Official Proceeding and Aiding and Abetting) (Count One); Title 18 United States Code, Section 1752(a)(1) (Entering and Remaining in a Restricted Building or Grounds)

(Count Two); Title 18, United States Code, Section 1752(a)(2) (Disorderly and Disruptive Conduct in a Restricted Building or Grounds) (Count Three); Title 40, United States Code, Section 5104(e)(2)(A) (Entering and Remaining on the Floor of Congress) (Count Four); Title 40, United States Code, Section 5104(e)(2)(D) (Disorderly and Disruptive Conduct in the Capitol Building) (Count Five); and Title 40, United States Code, Section 5104(e)(2)(G) (Parading, Demonstrating, or Picketing in a Capitol Building) (Count Six).

On July 1, 2022, Brock moved to dismissed Count One of the Superseding Indictment, asserting that Congress' certification of the electoral count on January 6, 2021 was not an "Official Proceeding" as contemplated by § 1512(c), that Congress intended the statute to only apply to obstruction tied to documentary or tangible evidence, which the defendant claimed did not cover his conduct and that 18 U.S.C. § 1512(c)(2) was unconstitutionally vague as applied in this case. ECF No. 46. Following written submission, this Court denied Brock's motion to dismiss in its entirety. ECF No. 57.

On November 16, 2022, Brock was convicted of all counts of the Superseding Indictment following a bench trial before the Court. November 16, 2022 Minute Entry.

On March 17, 2023, the Court sentenced Brock, principally, to 24 months incarceration on Count One, a term of 12 months incarceration on Counts 2 and 3, each, and a term of 6 months incarceration on Counts 4 through 6, each, all to run concurrently. March 17, 2023 Minute Entry. The Court permitted Brock to remain on bond and allowed Brock to voluntarily surrender to the Bureau of Prisons for service of his sentence at a later date. Id.

On March 28, 2023, Brock filed a notice of appeal. ECF No. 100. No appeal brief has been filed to date. On March 28, 2023, Brock filed the Motion for Release. ECF No. 101.

The Court is well versed in the facts of this case and laid out the evidence submitted during the three-day bench trial in its oral verdict and findings of fact on November 16, 2022. Tr. 11/16/2022, 387-416.

As this Court found, Brock "clearly intended to take very purposeful actions to interfere with any certification of the election, and even to take actions that bordered on violent conduct and improper steps to impede the Congressional action of certification of the election." Tr. 11/16/2022, 399:19-23.

## ARGUMENT

**Applicable Legal Principles**

"[A] person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal" "shall . . . be detained, unless [the Court] finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released" and "that the appeal is not for the purpose of delay and *raises a substantial question of law or fact* likely to result in . . . a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b)(1) (emphasis added). A "substantial question" is "a close question or one that very well could be decided the other way." *United States v. Perholtz*, 836 F.3d 554, 555-56 (D.C. Cir. 1987).

**Discussion**

    A. <u>Brock's Asserted Basis for Appeal does not Raise a Substantial Question of Law or Fact</u>

Brock has not raised "a substantial question of law or fact likely to result in" a reduced or probationary sentence. 18 U.S.C. § 3143(b)(1). As identified in the defendant's motion, his

3

arguments in favor of release pending appeal challenge the denial of the defendant's motion to dismiss the felony obstruction count as well as the denial of the defendant's objection to the three-level enhancement for substantial interference under U.S.S.G. §2J1.2(b)(2).  These arguments do not present a "close" call sufficient to justify release pending appeal.

To determine whether a substantial question exists, a court must inquire whether a defendant has raised an issue that is "a close question or one that very well could be decided the other way." *Perholtz*, 836 F.2d at 556; *see id*. at 555m (stating that "close question" standard is "more demanding" than one that requires inquiry to be "fairly debatable," "fairy doubtful," or simply "not frivolous"); *see also United States v. Lutamila,* No. CR 20-24 (JEB), 2022 WL 16744904, at *1 (D.D.C. Nov. 7, 2022) (setting out standard and citing further cases).

First, Brock argues that the pending appellate decision[1] in the *United States v. Miller* case is a basis for him to stay out on bond pending his appeal. ECF No. 101 at 3.  However, on April 9, 2023 the D.C. Circuit issued its opinion in the *U.S. v. Miller* case, reversing and remanding the District Court. *United States v. Fischer*, No. 22-3038, 2023 WL 2817988 (D.C. Cir. Apr. 9, 2023).

*Nearly* every judge in this District, including this Court, has rejected the challenge the Defendant raised in his motion to dismiss with respect to Count One of the Superseding Indictment. *See, e.g., United States v. Fitzsimons*, 21-cr-158, 2022 WL 1698063, at *6-*12 (D.D.C. May 26, 2022) (Contreras, J.); *United States v. Bingert*, 21-cr-91, 2022 WL 1659163, at *7-*11 (D.D.C. May 25, 2022) (Lamberth, J.); *United States v. McHugh* (*McHugh II*), 21-cr-453, 2022 WL 1302880, at *2-*13 (D.D.C. May 2, 2022) (Bates, J.); *United States v. Puma,* 21-cr-454, 2022 WL 823079, at *12 n.4 (D.D.C. Mar. 19, 2022) (Friedman, J.); *United States v. Bozell*, 21-cr-216,

---

[1] At the time of Brock's filing the D.C. Circuit Court of Appeals had not released their opinion in the *Miller* case.  However, as of the writing of this response that opinion has been released.

4

2022 WL 474144, at *5 (D.D.C. Feb. 16, 2022) (Bates, J.); *United States v. Grider*, 21-cr-22, 2022 WL 392307, at *5-*6 (D.D.C. Feb. 9, 2022) (Kollar-Kotelly, J.); *United States v. Nordean*, 21-cr-175, 2021 WL 6134595, at *6-*8 (D.D.C. Dec. 28, 2021) (Kelly, J.); *United States v. Montgomery*, 21-cr-46, 2021 WL 6134591, at *10-*18 (D.D.C. Dec. 28, 2021) (Moss, J.); *United States v. Mostofsky*, 21-cr-138, 2021 WL 6049891, at *11 (D.D.C. Dec. 21, 2021) (Boasberg, J.); *United States v. Caldwell*, 21-cr-28, 2021 WL 6062718, at *11-*21 (D.D.C. Dec. 20, 2021) (Mehta, J.); *United States v. Sandlin*, 21-cr-88, 2021 WL 5865006, at *5-*9 (D.D.C. Dec. 10, 2021) (Friedrich, J.); *contra United States v. Miller*, 21-cr-119, 2022 WL 1718984, (D.D.C. May 27, 2022) (Nichols, J.) (finding that certification is an "official proceeding," but that the charged conduct did not violate § 1512(c)(2))[2].

Second, Brock states that the three-level enhancement under U.S.S.G. §2J1.2(b)(2), that this Court applied to Brock over his objection at sentencing, is a basis for a substantial question of law or fact that is likely to result in a reduced or probationary sentence. The Government disagrees.

*Nearly* every judge in this District, including this Court in this very case, has rejected this challenge to the three-level enhancement under U.S.S.G. §2J1.2(b)(2). *See, e.g., United States v. Guy Reffitt*, No. 21-cr-32, 2022 WL 3083239, (D.D.C. Jul. 29, 2022) (Friedrich, J.); *United States v. Wilson*, No. 21-cr-345 (Lamberth, J.); *United States v. Hodgkins*, No. 21-cr-188 (Moss, J.); *United States v. Fairlamb*, No. 21-cr-120 (Lamberth, J.); *United States v. Chansley*, No. 21-cr-003, (Lamberth, J.); *United States v. Matthew Miller*, No. 21-cr-075 (Moss, J.) (uncontested, but independently addressed by the Court); *United States v. Rubenacker*, No. 21-cr-193 (Howell, J.)

---

[2] Reversed and remanded in *United States v. Fischer*, No. 22-3038, 2023 WL 2817988 (D.C. Cir. Apr. 9, 2023).

(contested); *United States v. Pruitt,* No. 21-cr-23 (Kelly, J.); *United States v. Robertson,* 21-cr-34 (Cooper, J.) (contested).

Accordingly, Brock has failed to meet his burden of showing a substantial question of law or fact that is likely to result in a reversal, and order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment.

B. <u>Even if Brock's Appeal is Successful, he is Still Subject to Concurrent Terms of Imprisonment</u>

Brock has failed to meet his burden for release under Section 3143(b)(1)(B) because, even if his appeal is successful, he is still subject to concurrent terms of imprisonment.

The Circuit Court of Appeals for the District of Columbia has held that where, as here, a defendant has been sentenced to prison terms on different counts of conviction he "cannot be released unless the appeal raises a substantial question likely to result in reversal on all counts on which imprisonment is imposed." *Perholtz*, 836 F.2d at 557; see also *United States v. Dale*, 223 F.2d 181, 183 (7th Cir. 1955)("As the sentences imposed [were] to run concurrently the burden was upon petitioner to show error as to each count."); *United States v. Bayko*, 774 F.2d 516, 522 (1st Cir. 1985)("All agree that the provision breaks down into two distinct requirements: (1) that the appeal raise a substantial question of law or fact and (2) that if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed"); *United States v. Green*, 1998 WL 796118 at *1 (10th Cir. November 17, 1998)(denying defendant's release pending appeal where he failed to show "his motion would result either in a reversal of all of his convictions or in a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process"); *United States v. Goldman*, 1993 WL 48906 at *4 (N.D.N.Y. February 24, 1993)("In cases where a substantial issue of law exists with regard to only

6

a portion of the conviction, the court is not permitted to grant bail pending appeal"). Where a defendant is convicted of more than one count, the substantial question must have a bearing on the other count or counts of conviction in order to be eligible for release. *Morrison v. United States*, 486 U.S. 1306 (1988) (Rehnquist, J., in chambers).

Here, Brock was convicted of all counts of the Superseding Indictment following the bench trial. In addition to Count One, the Court imposed concurrent 12-month sentences on Counts Two and Three, and concurrent six-month sentences on Counts Four, Five, and Six. The two questions of law or fact raised by Brock on his appeal, however, pertain only to Count One. Since the question of law or fact raised by Brock is applicable only to one count of conviction upon which imprisonment was imposed, Brock cannot meet his burden of showing that his claim is likely to result in a reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment on the other counts. Accordingly, his motion must be denied.

Because Brock has not shown that his appeal "raises a substantial question of law or fact likely to result in" a reduced or probationary sentence under 18 U.S.C. § 3143(b)(1), his motion for release pending appeal should be denied.

## CONCLUSION

WHEREFORE, the government respectfully requests that Brock's motion be denied.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney

*/s/ April Ayers-Perez*
APRIL AYERS-PEREZ
DOJ Trial Attorney
TX Bar No. 24090975
450 5th St. NW, Suite 11412
Washington, D.C., 20530
(202) 894-4237
April.AyersPerez@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have caused a copy of the foregoing motion to be served by electronic means, through the Court's CM/ECF system, upon counsel for appellant on this 13th day of April, 2023.

                                        */s/ April Ayers-Perez*
                                        APRIL AYERS-PEREZ
                                        TX Bar # 24090975
                                        DOJ Trial Attorney