## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| United States | ) | |
| | ) | |
| v. | ) | NO.  1:21cr140 |
| | ) | |
| Larry Brock | ) | |
| | ) | |
| Defendant. | ) | |

### MOTION TO EXTEND BOP SELF SURRENDER DATE

### BACKGROUND

Mr. Brock moved for release pending appeal, which this court denied on April 20, 2023 (yesterday).  Mr. Brock has filed his notice of appeal with the Circuit Court and his surrender date at BOP is April 25.

### ARGUMENT

It is well accepted that a district court has authority to make reasonable extension of BOP surrender dates.  *United States v. Hunter Seefried*, 1:21-cr-287, ECF 126-27 (granting surrender extension in January 6 case for defendant to "spend the Christmas holiday period with his mother"); *see also*, *United States v. Bryant*, 8:22-cr-308-DLB (D.Md. April 17, 2023)(granting surrender extension due to apparent paperwork mix-up at BOP).

Mr. Brock respectfully requests that the Court grant him a self-surrender extension to request release from the Circuit Court and determine whether further proceedings in the Circuit Court may materially change this Court's analysis.  Such action would be appropriate because, as the Court acknowledges, "[t]he parties appear to

agree what Brock is not a flight risk or a danger to the community."  ECF 107 at 4.

Moreover, the custody status of non-danger, non-flight risk defendants awaiting the final outcome of *Fischer/Miller* is an issue the Circuit Court is bound to take up at some point.  It would be an exercise in prudence to allow the Circuit Court to pass on this question before committing such individuals to BOP.

Finally, even a short delay of Mr. Brock's surrender date will give a chance to gain information this Court has identified as material to the release question.  As the Court stated, "this Court cannot look into a crystal ball and determine whether the D.C. Circuit will in fact review the Fischer decision en banc."  However, the extent which Fischer/Miller will undergo further review will become apparent in short order.  Any request for panel rehearing would have to be filed by May 22 under Circuit Rule 35 (45 days after entry of April 7 judgment) at which point the court may request a response.

Given the importance of the case and the fractured nature of the panel decision, it seems likely that, should the Court desire a response to the petition, it would make that request in fairly short order after the petition is filed.  If the court does request a response from the government, is will be a good indication that it is taking the issues seriously.  In such a circumstance, the rationale of district court cases granting release pending appeal in § 1512 cases will again become highly pertinent.  *See*, *e.g.* *United States v. Seefried*, 21-cr-287 (D.D.C. 2023)(discussed extensively in briefs on release pending appeal).

Mr. Brock submits that a delay of his self-surrender until May 29 is likely to reveal whether significant further proceedings in *Miller/Fischer* will take place.  By that time any petitions for rehearing will have been filed and the Circuit Court will have had at least a week to consider whether to a require a response.  Such an approach would

avoid inflicting undue prejudice on Mr. Brock for having the misfortune to have his
initial surrender date fall in the brief interregnum between initial judgment and action on
a petition for rehearing.  The action will have virtually no downside given Mr. Brock's
flawless performance on supervised release and uncontested no-danger no-flight risk
status.


## CONCLUSION

For the foregoing reasons, Mr. Brock respectfully requests this Court to extend his
surrender date until May 29..


Respectfully Submitted,

By:

/s/ *Charles Burnham*
Charles Burnham VSB # 72781
*Attorney for the Accused*
Burnham & Gorokhov, PLLC
1424 K St. NW, Suite 500
Washington, DC 20005
(202) 386-6920 (phone)
(202) 765-2173
charles@burnhamgorokhov.com

**CERTIFICATE OF SERVICE**

I have served this filing on the government through the ecf system.


Respectfully Submitted,


By: /s/ *Charles Burnham*
Charles Burnham VSB # 72781
*Attorney for the Accused*
Burnham & Gorokhov, PLLC
1424 K St. NW, Suite 500
Washington, DC 20005
(202) 386-6920 (phone)
(202) 765-2173 (fax)
charles@burnhamgorokhov.com