**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **Case No. 21-cr-140-JDB** |
| **LARRY BROCK,** | |
| **Defendant.** | |

**GOVERNMENT'S OPPOSITION TO THE DEFENDANT'S**
**MOTION TO EXTEND SELF-SURRENDER DATE**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this response in opposition to the Defendant's Motion to Extend Self-Surrender Date.   Brock participated in the Capitol riot on January 6, 2021 and was convicted after a bench trial of one felony and five misdemeanors. He was sentenced to serve a total of twenty-four (24) months in custody, broken down as follows: a sentence of twenty-four months on Count 1, 18 U.S.C. §1512(c)(2), a sentence of twelve (12) months on Counts 2 and 3, 18 U.S.C. §§1752(a)(1) & (2), and a sentence of six (6) months on Counts 4 through 6, 40 U.S.C. §§ 5104(e)(2)(A), (D), and (G), all to be served concurrently.   ECF 98, Judgment & Conviction, at 3. The Defendant previously filed a Motion for Release Pending Appeal, which this Honorable Court denied. ECF 101 & 107.   The Defendant has not raised any new issues since his last filing, and has failed to show good cause as to why his report date to the Bureau of Prisons ("BOP") should be extended.   As such, the Defendant's motion should be denied.

The Defendant's stated reason for extending his report date to BOP, is almost identical to the Defendant's previously stated reason for wanting to remain out on bond pending appeal.   The Defendant is again speculating that the *Fischer* decision by the DC Circuit Court of Appeals *might*

1

be reviewed *en banc*, and is further speculating on timing and what the D.C. Circuit *might* be

thinking. (ECF 108 at 2).  This is pure conjecture and fails to cite a legitimate, and good-faith,

basis to extend the Defendant's self-surrender date with BOP.  This Court has already addressed

the *Fischer* decision by the D.C. Circuit Court, and how it affects the Defendant's case[1].  Further,

this Court has also already provided the Defendant with a blueprint on what to do if his appeal

begins to run up on the length of time of his lowest sentences:

> …the Court is sensitive to the possibility that the time between Brock's self-surrender date
> and the disposition of his appeal may be longer than the duration of his next-highest
> concurrent sentences of imprisonment of 12 months on Counts Two and Three, and also
> that the 12-month sentence may be reduced upon resentencing if his conviction on Count
> One was to be vacated.   In light of these considerations, if the duration of Brock's appeal
> begins to approach on the duration of his lowest concurrent sentences of incarceration (6
> months) on the three Class B misdemeanors, Brock is encouraged to express his concerns
> to the D.C. Circuit and request an expedited decision on that basis to mitigate the risk of
> over-incarceration. ECF No. 107 at 12, n. 2

The defendant showed up promptly in Washington, D.C. on January 6, 2021 to participate

in the riot at the U.S. Capitol that disrupted the peaceful transfer of power.  He now stands

convicted and sentenced for his crimes, and should show up promptly to serve his sentence.  No

---

[1] *See* ECF No. 107 at 6, holding that, "…Brock's § 1512(c) actus reus issue—whether § 1512(c)
applies to his charged conduct—is no longer a 'substantial question of law' likely to result in
reversal because the D.C. Circuit already issued a binding ruling on this issue and decided
against Brock's position, holding that "1512(c)(2) prohibits all acts that obstruct, influence, or
impede any official proceeding or attempt to do so, beyond the document or object-related acts
that are already covered by § 1512(c)(1)" *Fischer*, 2023 WL 2817988, at *1.

*See also*, ECF No. 107 at 8, holding that, "…it seems to this Court that even if Brock were to
succeed and the D.C. Circuit adopted his preferred definition of 'corruptly'—whatever that may
be—his conviction likely would nevertheless be upheld under a more demanding definition of
the term given the circumstances of his conduct.   But any further venture into this area is merely
speculation and conjecture as to what Brock might argue because he had defaulted on his burden
to show that 'the resolution of that question in [his] favor [would] be likely to lead to reversal.'"
*Perholtz*, 836 F.2d at 555.

extension of time to self-surrender is warranted.

Respectfully submitted,

MATTHEW D. GRAVES
UNITED STATES ATTORNEY
D.C. Bar Number 481052


BY:     _/s/   April H. Ayers-Perez_
        APRIL H. AYERS-PEREZ
        TX Bar No. 24090975
        Trial Attorney
        450 5th St NW, Room 11412
        Washington, D.C. 20530
        202-894-4237
        April.AyersPerez@usdoj.gov