## IN THE US DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES | : |
| | : |
| v. | :   No. |
| | |
| LARRY BROCK: | |
|     Defendant | : |
| | : |

## RENEWED MOTION FOR RELEASE PENDING

### BACKGROUND

On March 1, 2024 the Circuit Court reversed Mr. Brock's 1512(c)(2) sentence and remanded to this Court for resentencing "without the application of Section 2J.2(b)(2)'s sentencing enhancement."  23-3045, Doc. # 2043021.

The Court denied a request from Mr. Brock for release pending appeal in light of the Supreme Court's grant of cert in the *Fischer* 1512 case.  Doc. # 2043022.  The Court stated that "[w]e deny the motion without prejudice to Brock filing a motion in the district court for release pending further appellate or Supreme Court review."

### ARGUMENT

Release pending appeal should be granted where 1) the Court finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community and 2) the appeal is not for the purpose of delay and 3) raises a substantial question of law or fact likely to result in (among other things) a reduced sentence to a term of imprisonment less than the total time

already served plus the expected duration of the appeal process. 18 U.S.C. 3143(b)(1). *United States v. Perholtz*, 836 F.2d 554, 555 (D.C. Cir. 1987).

As to risk of flight or safety, Mr. Brock is a highly decorated retired military officer with no prior convictions. He had no incidents on pretrial release and was respectful to the Court in all proceedings. The government has previously conceded that he is not a risk of flight or safety.

Mr. Brock's appeal obviously presents a substantial question of law because he has prevailed on an important issue. Mr. Brock has 90 days to prepare a Supreme Court petition if he chooses to do so. A cert petition on the 1512 issue would also present a substantial question because the Supreme Court has already indicated it intends to rule on 1512 in the *Fischer* case. The government has conceded in other cases that Fischer creates a substantial appellate question. *United States v. Sheppard*, 1:21-cr-203-JDB, ECF 142 at 5.

Finally, although this Court will be the ultimate decision maker, Mr. Brock respectfully submits that he will have a strong case for time served at resentencing. At the first sentencing, this Court imposed the low end of the guidelines which was 24 months. With an additional 3 levels off the guidelines pursuant to the Circuit Court's decision, Mr. Brock's guidelines will be 15-21. Mr. Brock will also be entitled to a two-level reduction for zero point offenders under 4C1.1. *See*, ECF 13. which will reduce his guidelines further to 10-12 months.

Mr. Brock surrendered to BOP on May 29, 2023, meaning he has served almost 10 months, the low end of his likely guidelines at resentencing. Mr. Brock has therefore already served a low end sentence for his recalculated guidelines.

Mr. Brock's appeal will extend his sentence far beyond 10 months. As stated above, Mr. Brock has 90 days to file a cert petition  According to publicly available information[1], the average time for the Supreme Court to act on a cert petition is about six weeks. Mr. Brock will therefore have served about 14 months by the time a cert petition is denied and, if the petition were to be granted, he will serve many more months.

To be sure, there is no guarantee the Court will again impose a low-end guidelines sentence as it did at the initial sentencing. At the same time, Mr. Brock will be free to argue for a downward variance which the Court could also impose. At this juncture, the Court need only find that Mr. Brock's eventual sentence will "likely" expire prior to his appeals being exhausted.

## CONCLUSION

For the foregoing reasons, Mr. Brock respectfully requests the Court to grant him release pending appeal.

---

[1] reportersguide.pdf (supremecourt.gov)

Respectfully submitted,

By: <u>/s/ Charles Burnham</u>
Charles Burnham, Esq.
BURNHAM & GOROKHOV, PLLC
1750 K Street NW, Suite 500
Washington, DC 20006
(202) 386-6920 (phone)
(202) 765-2173 (fax)
michael@burnhamgorokhov.com

CERTIFICATE OF SERVICE

I, Michael T. Collins, certify that on March 4, 2024, I served a copy of this Motion to Continue on opposing counsel through the Court's ecf system.

Respectfully Submitted,

By:


By: /s/ Michael T. Collins
Michael T. Collins, Esq.
*Associate Attorney for Appellant*
BURNHAM & GOROKHOV, PLLC
1750 K Street NW, Suite 600
Washington, DC 20006
(202) 386-6920 (phone)
(202) 765-2173 (fax)
michael@burnhamgorokhov.com