IN THE US DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES | : | |
| | : | |
| v. | : | No. 1:21CR140 |
| | | |
| LARRY BROCK: | | |
|     Defendant | : | |
| | : | |

**RESPONSE TO GOVERNMENT AND PROBATION FILINGS REGARDING RELEASE PENDING APPEAL**

On April 12, 2024 the government made a filing arguing that Mr. Brock is not eligible for release because evidence supplied by the BOP shows he is a danger to the community. Even assuming the statements attributed to Mr. Brock by the BOP evidence are 100% accurate, the evidence does not show he is a danger to the community and relying on such evidence to detain him would be a violation of his First Amendment rights.

First, the government relies on a July 21, 2023 letter attributed to Mr. Brock which criticizes the prosecution and imprisonment of January 6th defendants and offers encouragement to them. ECF 119 at 3. The message encourages "fellow patriots" to "[k]eep Isaiah 41:10 in your heart." The Bible verse cited is as follows: "So do not fear, for I am with you; do not be anxious; I am your God. I will strengthen you, I will help you, I will uphold you with my victorious right hand."

The message does not suggest that other January 6th inmates should commit criminal acts or otherwise endanger the community.

The second message relied on by the government is attributed to Mr. Brock on July 24, 2023. *Id*. It discusses some kind of contemplated prisoners' support group the stated goals of which are 1) To end the political imprisonment of American citizens, and 2) To return to our communities with honor. It then proceeds to offer advice to other prisoners none of which involves illegal activity, disrupting prison operations or otherwise endangering the community. The letter closes by calling for the International Red Cross to be allowed to investigate abuses of January 6th prisoners in the BOP. The government offers no evidence that the allegations of mistreatment of January 6th prisoners are false.

Finally, the government relies on an August 24, 2023 memorandum of an interview between Mr. Brock and a BOP official whose name is redacted. *Id*. at 4-5. It does not purport to be a verbatim account of Mr. Brock's statements and is not signed or otherwise endorsed by him. The report suggests Mr. Brock violated some BOP rule on third party communications by asking others to post to his social media. It does not cite which rule this is or quote from its text. The report does not claim that Mr. Brock's alleged third party communications created a danger to the community.

The report goes on to discuss the above-mentioned messages, Mr. Brock's encouragement to other January 6 prisoners, and his belief that they should follow the military Code of Conduct. The interviewer *sup sponte* raises a provision of the Code of Conduct about escape which was not mentioned or even alluded to in any of Mr. Brock's statements. Mr. Brock stated he was not encouraging prisoners to attempt escape. The balance of the report consists largely of Mr. Brock's political views on January 6th prosecutions.

In addition to the government's filing, the probation department submitted a report with information "provided by the defendant's case manager." ECF 118. The report does not state the name of the case manager, in what form the information was provided (orally or in writing?) or whether any contemporaneous records exist. We do not concede the accuracy of the statements. However, even taking the information at face value, the overriding thrust is that Mr. Brock intends engage in political speech upon his release regarding treatment of himself and other January 6 prisoners. *See*, *Watts v. United States*, 394 U.S. 705. 708 (1969)(statements that in context do not convey a real possibility that violence will follow are protected by the First Amendment).

Taken as a whole, the government and probation evidence does not come close to showing that Mr. Brock is a danger to the community. None of the evidence evinces an intent to engage in illegal or dangerous acts.

More importantly, the government's arguments violate Mr. Brock's First Amendment rights. The Supreme Court has repeatedly emphasized that political speech is central to the meaning and purpose of the First Amendment. *Morse v. Frederick*, 551 U.S. 393, 403 (2007). The statements attributed to Mr. Brock by the government and probation contain classic political speech. Like millions of Americans, Mr. Brock is critical about the law enforcement response to January 6th and his been vocal about those views. Punishing Mr. Brock for these statements would be a clear First Amendment violation and manifest injustice.

Respectfully submitted,

By: /s/ Charles Burnham
Charles Burnham, Esq.
BURNHAM & GOROKHOV, PLLC
1750 K Street NW, Suite 300
Washington, DC 20006
(202) 386-6920 (phone)
(202) 765-2173 (fax)
charles@burnhamgorokhov.com

CERTIFICATE OF SERVICE

I, Michael T. Collins, certify that on March 4, 2024, I served a copy of this Motion to Continue on opposing counsel through the Court's ecf system.

    Respectfully Submitted,

    By:


    By: /s/ Charles Burnham
    Charles Burnham, Esq.
    BURNHAM & GOROKHOV, PLLC
    1750 K Street NW, Suite 300
    Washington, DC 20006
    (202) 386-6920 (phone)
    (202) 765-2173 (fax)
    charles@burnhamgorokhov.com