UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>LARRY RENDALL BROCK,<br><br>Defendant. | Criminal Action No. 21-140 (JDB) |

## ORDER

Before the Court is defendant Larry Rendall Brock's renewed motion for release pending appeal. For the reasons that follow, the Court will deny Brock's motion and defer resentencing until after the Supreme Court decides Fischer v. United States, No. 23-5572 (U.S. argued Apr. 16, 2024).

## Background

Following a bench trial, this Court found Brock guilty on six counts arising out of his participation in the January 6, 2021 riot at the U.S. Capitol: obstruction of an official proceeding and aiding and abetting, in violation of 18 U.S.C. §§ 1512(c)(2) and 2 (Count One); entering and remaining in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(1) (Count Two); disorderly and disruptive conduct in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(2) (Count Three); entering and remaining on the floor of Congress, in violation of 40 U.S.C. § 5104(e)(2)(A) (Count Four); disorderly conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D) (Count Five); and parading, demonstrating, or picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G) (Count Six). See Judgment [ECF No. 98] at 1–2; Nov. 16, 2022 Min. Entry.

At sentencing, this Court calculated an offense level of 17 and a criminal history category of I, resulting in a Sentencing Guidelines Range of 24 to 30 months. See Sent'g Tr. [ECF No. 112] at 31–32. The Court imposed a sentence of 24 months' imprisonment: 24 months on Count One, 12 months on Counts Two and Three, and 6 months on Counts Four through Six, all to run concurrently. See Judgment at 3. The Court reasoned, on the one hand, that Brock did not engage in violence or property damage on January 6 and tried on several occasions to calm other rioters. See Sent'g Tr. at 72. Also to Brock's credit were his lack of a meaningful criminal record, his military service, his community support, and his family responsibilities. See id. at 67, 72–73. But Brock's communications in the lead-up to January 6—including a plan of action (from a former senior military official, no less) to torture and kill perceived political opponents—were "chilling" and "reprehensible." See id. at 68–71, 73. Also weighing in favor of a lengthy sentence were the facts that Brock wore a tactical vest and a helmet to the Capitol, carried flex cuffs at one point, roamed through the building and entered the Senate Floor, and was inside for a lengthy period. See id. at 71–72. And there was "no acceptance of responsibility and no showing of remorse whatsoever, zero." Id. at 73.

On appeal, the D.C. Circuit affirmed Brock's § 1512(c)(2) conviction but concluded that a three-level sentencing enhancement for "substantial interference with the administration of justice" did not apply and remanded for resentencing. United States v. Brock, 94 F.4th 39, 42 (D.C. Cir. 2024); see U.S.S.G. § 2J1.2(b)(2). Separately, while his appeal was pending, Brock moved this Court for an indicative ruling that it would reduce his sentence under U.S.S.G. § 4C1.1. See Mot. for Sentence Reduction [ECF No. 113]. Section 4C1.1, recently made effective and retroactively applicable, provides for a two-level reduction in offense level for defendants with zero criminal history points who also meet various other criteria. See U.S.S.G. § 4C1.1(a). The

government concedes that § 4C1.1 applies to Brock, though it maintains that no sentencing reduction is warranted based on the 18 U.S.C. § 3553(a) factors. See Gov't Resp. to Def.'s Mot. for Sent'g Adjustment [ECF No. 114] at 1. Given that Brock is now set to be resentenced, the Court will consider the § 4C1.1 issue in conjunction with resentencing.

Brock was incarcerated during the pendency of his appeal and has now served roughly 11 months of his sentence. See Probation Mem. [ECF No. 118] at 1 (noting Brock's reporting date of May 29, 2023). He has previously (and unsuccessfully) moved for release pending appeal once before this Court and thrice before the D.C. Circuit. He filed the present motion for release pending appeal in mid-March. See Renewed Mot. for Release Pending Appeal [ECF No. 116] ("Mot."). The government opposed the motion. See U.S. Opp'n to Mot. [ECF No. 117] ("Opp'n"). The Court called for supplemental briefing regarding certain social media posts allegedly made by Brock while incarcerated, see Apr. 5, 2024 Min. Order, and received this briefing in mid-April. The D.C. Circuit's mandate issued on April 23, 2024.

## Analysis

### I. Motion for Release Pending Appeal

Because the D.C. Circuit's mandate has now issued, Brock no longer has an active appeal. He has alluded to the possibility of filing a petition for a writ of certiorari, see Mot. at 2, but has not done so. The release-pending-appeal analysis is thus inapplicable. See 18 U.S.C. § 3143(b)(1) (conditioning analysis on defendant "fil[ing] an appeal or a petition for a writ of certiorari"); see also United States v. Beckham, Crim. A. No. 16-300 (RLW), 2019 WL 7116349, at *2 (E.D. Mo. May 22, 2019) (concluding that defendant "ha[d] no pending appeal" after appellate mandate issued, notwithstanding potential that defendant might file a petition for a writ of certiorari). Hence, the Court will deny Brock's motion for release pending appeal on that basis.

## II.  Resentencing Timing

The question then becomes the timing of Brock's resentencing.  The parties appear to agree that the Supreme Court's forthcoming decision in Fischer may affect Brock's § 1512(c)(2) conviction and hence his sentence.  See Mot. at 2; Opp'n at 16–18.  The parties have also advanced arguments as to Brock's "likely reduced sentence."  18 U.S.C. § 3143(b)(1); see Mot. at 2–3; Opp'n at 9–18.  The Court concludes that—regardless of the outcome of Fischer—Brock's likely reduced sentence will extend beyond the anticipated date of decision in that case.  Accordingly, the Court will defer resentencing until after the Supreme Court decides Fischer so that resentencing can be conducted with the benefit of that decision.

The Court recognizes that assessing a likely sentence without the benefit of a full resentencing proceeding is an "unusual" task.  United States v. Sheppard, Crim. A. No. 21-203 (JDB), 2024 WL 127016, at *4 (D.D.C. Jan. 11, 2024); see also United States v. Kelly, Crim. A. No. 21-708-1 (RCL), 2024 WL 756642, at *5 n.1 (D.D.C. Feb. 23, 2024).  And the present analysis is not technically dictated by 18 U.S.C. § 3143(b)(1), as the release-pending-appeal framework no longer applies.  However, the Court faces a situation where Brock no longer has an active appeal, is currently incarcerated, and is set to be resentenced on counts including a count that may be affected by a Supreme Court decision anticipated to issue in the next two months.  Given this posture, the Court concludes that the fairest path forward is to inform the parties of its rationale for deferring resentencing pending a decision in Fischer.  The parties are reminded that this

analysis is only a preliminary assessment of Brock's reduced sentence and that the Court remains open to arguments from both Brock and the government at resentencing.[1]

Assuming that Fischer does not affect Brock's § 1512(c)(2) conviction, the Court would likely resentence Brock to 16 months' imprisonment.  Brock's revised offense level would likely be 12—his original offense level of 17 less three levels for the removal of § 2J1.2(b)(2) and less two levels based on the application of § 4C1.1.  With a criminal history category of I, that yields a Guidelines Range of 10 to 16 months.  See U.S.S.G. Ch. 5, Pt. A.  Given the seriousness of Brock's conduct, the Court is likely to impose a sentence at the top of that range.[2]  A 16-month sentence would place Brock's release date at the end of September 2024.  The Supreme Court is anticipated to decide Fischer by the end of June 2024.  Even allowing for any good time credit, Brock's likely reduced sentence would extend beyond an anticipated resentencing date.

Even if Fischer requires vacatur of Brock's § 1512(c)(2) conviction, the Court would still likely resentence Brock to a sentence approaching 16 months.  Without the § 1512(c)(2) conviction, Brock's Guidelines calculation would be driven by Counts Two and Three.  These counts likely group and yield a base offense level of 10.  See, e.g., United States v. Nassif, Crim. A. No. 21-421 (JDB), ECF No. 95 at 9–10, 42 (D.D.C. Apr. 27, 2023) (sentencing on same counts), aff'd, No. 23-3069, 2024 WL 1515004 (D.C. Cir. Apr. 9, 2024).  Less two levels for § 4C1.1, that results in a base offense level of 8 and a Guidelines Range of 0 to 6 months.  See U.S.S.G. Ch. 5, Pt. A.  However, this Guidelines Range does not accurately reflect the seriousness of Brock's conduct.  Brock's extremely violent rhetoric, his conduct on January 6, and his utter lack of

---

[1] This same analysis would likely apply to the extent that Brock files a petition for a writ of certiorari and then seeks release pending appeal under 18 U.S.C. § 3143(b)(1)(iv) based on his "likely reduced sentence."

[2] The Court expresses no view at this juncture on Brock's post-sentencing conduct and how it might affect the resentencing analysis.  Should the government wish to rely on Brock's alleged threats against Bureau of Prisons employees, see Probation Mem. at 2, it must do more to substantiate this alleged activity.

remorse place him in a meaningfully different category than other January 6 misdemeanants sentenced by this Court. Accordingly, the Court would likely impose an above-Guidelines sentence approaching 16 months, whether by way of departure (whether based on U.S.S.G. § 5K2.7 or another provision) or variance. The Court would then run Brock's sentence on multiple counts consecutively so as to achieve this sentence. The upshot is that even if Fischer were to require vacatur of Brock's § 1512(c)(2) conviction, Brock's likely reduced sentence would still extend beyond the anticipated date of resentencing.

Hence, the Court will defer resentencing until after the Supreme Court decides Fischer so that resentencing can be conducted with any benefit of that decision in mind.

## Conclusion

For the foregoing reasons, and upon consideration of the entire record herein, it is hereby

**ORDERED** that [116] defendant's renewed motion for release pending appeal is **DENIED**; it is further

**ORDERED** that the Court shall defer consideration of [113] defendant's motion for a sentence reduction based on U.S.S.G. § 4C1.1 until resentencing; and it is further

**ORDERED** that the parties shall file a joint status report (or separate status reports, if they cannot agree) by not later than 5 days after the issuance of the Supreme Court's decision in Fischer proposing a resentencing date.

**SO ORDERED**.

/s/
JOHN D. BATES
United States District Judge

Dated: April 23, 2024