## IN THE US DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

UNITED STATES          :
                       :
          v.           :          No.  21-cr-140
                       :
LARRY BROCK            :
                       :
                       :

## MOTION TO VACATE PURSUANT TO 28 U.S.C. § 2255

## BACKGROUND

After a bench trial this Court found Mr. Brock guilty of six criminal offenses including Count One charging obstruction of an official proceeding under 18 U.S.C. § 1512(c)(2), the only felony.  The Court gave him a total sentence of 24 months which he is still serving under halfway house custody with the BOP.

## ARGUMENT

### I.    Mr. Brock's Obstruction Conviction is Contrary to the Laws of the United States as Interpreted in *Fischer*

28 U.S.C. § 2255(a) allows a defendant to move to vacate a sentence where, among other things, it is "in violation of the Constitution or laws of the United States."  The defendant/petitioner must show that he is entitled to relief by a preponderance of the evidence. *United States v. Baugham*, 941 F.Supp. 2d 109, 112 (D.D.C. 2012).

On June 28, 2024 in *Fischer v. United States* the Supreme Court held that §1512(c)(2) requires the government to prove that "the defendant impaired the availability or integrity for use in an official proceeding of records, documents, objects or...other things used in the proceeding."  603 U.S.___(2024)(Op. at p. 20).

In Mr. Brock's bench trial, the Court held him guilty of obstruction of an official proceeding based on the following findings:

> First, Mr. Brock obstructed Congress' election certification.  He was part of the large crowd of demonstrators who breached the Capitol on January 6th during the election certification proceedings...As we heard from Agent Glavey, this breach caused Congress to adjourn its session because it was no longer safe for members of Congress to be in the Capitol.  And although Mr. Brock entered the Capitol after Congress had at least in part adjourned, he was part of the greater mob that breached the Capitol, which caused the proceedings to be adjourned and not to be continued in the short term.  Moreover, after breaching the Capitol, Mr. Brock remained in the building for approximately 37 minutes, during which time his presence, along with the presence of many others, continued to obstruct the proceeding by prevent Congress from reconvening.  In fact, Mr. Brock was on the floor of the Senate where the proceedings should have been occurring had the crowd not breached and entered the Capitol.
>
> ***
>
> Moreover, in my earlier decision in this case, August 31st memorandum opinion denying various defense motions, I explained that "[t]he joint session continued to be obstructed, influenced, and impeded even after Vice President Pence and Members of Congress had fled, as it continued to remain in limbo as the January 6 mob flooded the Capitol throughout the day."

*See*, Ex. 1 (excerpt of bench trial transcript)(internal citations omitted).

In summary, the Court found Mr. Brock guilty based on the fact that he and the other persons present in the Capitol occupied the physical space where the official proceeding was supposed to be taking place and also created a security risk for the participants.  This finding was in keeping with the view held at the time by most prosecutors and judges, but it is not consistent with *Fischer* which, as stated above requires the defendant to have impaired the availability or integrity of a "document", "object", "record" or "other thing" to be used in the proceeding.  In the absence of evidence that Mr. Brock met the § 1512 standard announced in *Fischer*, his conviction and sentence should be vacated.

A concurring opinion in *Fischer* by a one justice speculated that the defendant's conduct might have impaired the availability or integrity of "records, documents or objects" in the form of "the electoral votes themselves." *Fische*r at 28.  The government has indicated it may adopt the concurrence's theory. *United States v. Reffitt*, 1:21-cr-32-DLF, ECF 183 at 4 ("the government is still evaluating *Fischer's* impact on this and other January 6 cases").  Sustaining § 1512(c)(2) convictions on this basis would be contrary to the reasoning of the majority opinion. In giving that section a narrow construction, the Court sought to avoid an "interpretation which would criminalize a broad swatch of prosaic conduct, exposing activists and lobbyists alike to decades in prison." *Id*. at 18.  The Court pointedly declined to "create a coverall statute" or interpret § 1512  to cover "any conduct that

delays or influences a proceeding in *any* way." *Id*. at 19.  Virtually every official proceeding involves some kind of object, record or "thing" so sustaining § 1512 convictions based on this obvious fact would nullify the majority's interpretation. Mr. Brock's conviction therefore should not be sustained on this basis, should the government choose to argue for it.

## II.      The Motion Should be Decided Expeditiously[1]

In other post-*Fischer* proceedings, the government has requested extensions to await DC Circuit action on Mr. Fischer's case.  *United States v. Stottlemyer*, 1:21-cr-334-TJK, ECF 131 (Government's Motion to Continue).  The Court denied the government's request for a 60-day extension, instead ordering a response by July 30. July 30, 2024 Minute Order (No ECF).

Allowing the government to delay *Fischer*-related litigation indefinitely would deprive not only Mr. Brock but many defendants of timely vindication of their legal rights.  According to online sources, the government has charged 249 January 6 defendants with obstruction of official proceeding and, as of June 28, 27 of them were still serving a sentence where obstruction was the only felony.  Moreover, for many of the defendants serving time for obstruction of an official proceeding and other felonies, the obstruction charge was the driving factor at sentencing.  This is

Supreme Court puts high bar on felony obstruction charges for Jan. 6 rioters | Courthouse News Service

the case because most members of the Court, at the government's urging, applied guidelines for §1512 that were elevated by up to 8 levels until Mr. Brock's appeal ended this practice. *United States v. Brock*, 94 F.4th 39 (D.C. Cir. March 1, 2024).

It would be unjust to delay correcting the legal errors in these cases until after the D.C. Circuit reconsiders its decision in light of *Fischer*. As. Mr. Brock argues above, the majority opinion is extremely straightforward and there should be no obstacle to applying it's holding to all effected January 6th cases in a timely manner. Mr. Brock therefore requests that this Court order an expedited briefing schedule to decide this motion.

## CONCLUSION

For the foregoing reasons Mr. Brock respectfully requests that this Court set aside his conviction and sentence under Count One.

Respectfully submitted,

By: /s/ Charles Burnham
Charles Burnham, Esq.
BURNHAM & GOROKHOV, PLLC
1674 I Street NW, Suite 550
Washington, DC 20006
(202) 386-6920 (phone)
(202) 765-2173 (fax)

michael@burnhamgorokhov.com

CERTIFICATE OF SERVICE

I, Charles Burnham, certify that I served a copy of this filing on opposing counsel through the Court's ecf system.

Respectfully Submitted,

By:

By: /s/ Charles Burnham
Charles Burnham, Esq.
BURNHAM & GOROKHOV, PLLC
1674 K Street NW, Suite 550
Washington, DC 20006
(202) 386-6920 (phone)
(202) 765-2173 (fax)
charles@burnhamgorokhov.com

CERTIFICATE OF LENGTH LIMITATIONS

I, Charles Burnham, certify that this document complies with the Court rules on length.  It contains 257 words.

Respectfully Submitted,

By:

By: /s/ Charles Burnham
Charles Burnham, Esq.
BURNHAM & GOROKHOV, PLLC
1674 K Street NW, Suite 550
Washington, DC 20006
(202) 386-6920 (phone)
(202) 765-2173 (fax)
charles@burnhamgorokhov.com