UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CASE NO. 21-CR-140-JDB |
| v. : | |
| : | |
| LARRY BROCK, : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S STATUS REPORT**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this status report in response to the Court's April 23, 2024 Order. ECF No. 121. The Court ordered that the parties submit status reports proposing a resentencing date within five days of the Supreme Court's decision in *Fischer v. United States*, 603 U.S. ___, 2024 WL 3208034 (June 28, 2024).

**Procedural History**

Brock was charged in a six count Superseding Indictment that was returned on June 23, 2021. Brock was charged with violation Title 18, United States Code, Sections 1512(c)(2) and 2 (Obstruction of an Official Proceeding and Aiding and Abetting) (Count One); Title 18 United States Code, Section 1752(a)(1) (Entering and Remaining in a Restricted Building or Grounds) (Count Two); Title 18, United States Code, Section 1752(a)(2) (Disorderly and Disruptive Conduct in a Restricted Building or Grounds) (Count Three); Title 40, United States Code, Section 5104(e)(2)(A) (Entering and Remaining on the Floor of Congress) (Count Four); Title 40, United States Code, Section 5104(e)(2)(D) (Disorderly and Disruptive Conduct in the Capitol Building) (Count Five); and Title 40, United States Code, Section 5104(e)(2)(G) (Parading, Demonstrating, or Picketing in a Capitol Building) (Count Six).

On July 1, 2022, Brock moved to dismissed Count One of the Superseding Indictment, asserting that Congress' certification of the electoral count on January 6, 2021 was not an "Official Proceeding" as contemplated by § 1512(c), that Congress intended the statute to only apply to obstruction tied to documentary or tangible evidence, which the defendant claimed did not cover his conduct and that 18 U.S.C. § 1512(c)(2) was unconstitutionally vague as applied in this case. ECF No. 46.  Following written submission, this Court denied Brock's motion to dismiss in its entirety. ECF No. 57.

On November 16, 2022, Brock was convicted of all counts of the Superseding Indictment following a bench trial before the Court. November 16, 2022 Minute Entry.

On March 17, 2023, the Court sentenced Brock, principally, to 24 months incarceration on Count One, a term of 12 months incarceration on Counts 2 and 3, each, and a term of 6 months incarceration on Counts 4 through 6, each, all to run concurrently. March 17, 2023 Minute Entry.

On March 31, 2023 Brock filed an appeal in this case with the D.C. Circuit Court of Appeals. ECF No. 100.  On September 27, 2023 oral arguments were held in front of the D.C. Circuit. See No. 23-3045.  On March 1, 2024 the D.C. Circuit Court issued its decision in this case upholding the 18 U.S.C. § 1512(c)(2) conviction, but holding that the three-point sentencing enhancement under § 2J1.2(b)(2), for "substantial interference with the administration of justice", does not apply to interference with the Congress's certification of electoral college votes. No. 23-3045, 2024 WL 875795 (D.C. Cir. Mar. 1, 2024). On April 23, 2024, the D.C. Circuit issued its mandate in this case. ECF No. 122.

### *FISCHER*

In the intervening months, *Fischer* was litigated through the D.C. Circuit and ultimately the Supreme Court, which issued its decision on Friday, June 28, 2024.  In *Fischer*, the Supreme

Court held that Section 1512(c) does not cover "all means of obstructing, influencing, or impeding any official proceeding." Op. 8. However, the Court did not reject the application of § 1512(c)(2) to January 6 prosecutions. Rather, the Court explained that the government must establish that the defendant impaired the availability or integrity for use in an official proceeding of records, documents, objects, or other things used in the proceeding – such as witness testimony or intangible information – or attempted to do so. *Id.* at 9, 16. The Supreme Court remanded the case to the D.C. Circuit for further proceedings. *Id.* Through those further proceedings, the court of appeals will interpret the scope of the statute further, which may include circumstances like the defendant, where the defendant intended to stop the certification proceeding and affect the voting and balloting underlying the certification. *See* Op. 16 (delineating that it would still remain a crime to attempt to impair the integrity of availability of records, documents, objects, or other things used in the proceeding); *id.* at 8 (Jackson, J., concurring) ("And it might well be that Fischer's conduct, as alleged here, involved the impairment (or the attempted impairment) of the availability or integrity of things used during the January 6 proceeding").

      Given the remand to the Circuit and the ongoing litigation in *Fischer*, the government is still evaluating *Fischer's* impact on this and other January 6 cases. The government therefore respectfully requests a sentencing date in September. Given that the defendant may file a Motion to Vacate the §1512 conviction, the government will need sufficient time to respond and evaluate the impact of *Fischer*. Specifically, the government will analyze whether it would still be able to meet its burden under a narrower interpretation of 18 U.S.C. § 1512(c)(2) as articulated in *Fischer*, and whether *Fischer* alters the government's position on the defendant's sentence. Coupled with ongoing litigation in the Circuit and the possible impact in many other cases, the government requests enough time to properly advise the Court.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY


BY:  */s/ April H. Ayers-Perez*
April H. Ayers-Perez
Trial Attorney
TX Bar No. 24090975
U.S. Department of Justice
Phone No.: 202-894-4237
Email: April.AyersPerez@usdoj.gov

CERTIFICATE OF SERVICE

I certify that I served a copy of this filing on opposing counsel through the Court's ECF system.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY


BY: */s/ April H. Ayers-Perez*
April H. Ayers-Perez
Trial Attorney
TX Bar No. 24090975
U.S. Department of Justice
Phone No.: 202-894-4237
Email: April.AyersPerez@usdoj.gov