## IN THE US DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES | : | |
| | : | |
| v. | : | No. 1:21-cr140 |
| | : | |
| LARRY BROCK: | : | |
| | : | |
| | : | |

## DEFENDANT'S STATUS REPORT

On April 23, 2024 this Court ordered (ECF 121) the parties to file status reports addressing resentencing within 5 days of the Supreme Court's decision in *Fischer v. United States*. The Court issued its decision on June 28, 2024 and Mr. Brock's position on resentencing IS as follows:

Mr. Brock requests the earliest sentencing date which the Court has available including a date in July if possible. Mr. Brock is in halfway house custody with an expected release date of August 14. Under the potential 16-month sentence contemplated by the Court in its April 23 order, Mr. Brock would already be released when good time and First Step Act credits are factored in.

Mr. Brock objects to the government's request to delay sentencing until September to evaluate the impact of *Fischer*. The legal questions at issue in *Fischer* have been well known for years and the oral arguments clearly telegraphed how the Court could likely rule. The government has not proffered any evidence from the record that could be used to support a finding that Mr. Brock intended to impair or

alter electoral certificates, so there is no basis for a delay in order to prepare to defend the conviction on that basis. Most importantly, the sentence the Court stated it is contemplating for Mr. Brock would (as stated above) result in his immediate release so any delay is most likely lengthening his sentence without cause. Also, undersigned counsel begins a trial in another district on September 3 which could take the entire month, meaning Mr. Brock's sentencing may have to be scheduled for October.

Finally, Mr. Brock has filed a § 2255 motion seeking to vacate his obstruction conviction and sentence in light of *Fischer*. The motion should not be difficult to respond to because it involves the effect of a single case which everybody has read. Mr. Brock proposes that the government be required to respond to the motion contemporaneously with the sentencing memorandum so as not to prolong his confinement. If the Court should decide over Mr. Brock's objection to grant the government a generous delay in responding to the motion, Mr. Brock request that his resentencing proceed independently of the § 2255 so his release from custody is not unduly prolonged.

Respectfully submitted,

By: /s/ Charles Burnham
Charles Burnham, Esq.
BURNHAM & GOROKHOV, PLLC
1674 I Street NW, Suite 550
Washington, DC 20006
(202) 386-6920 (phone)
(202) 765-2173 (fax)
michael@burnhamgorokhov.com

CERTIFICATE OF SERVICE

I, Charles Burnham, certify that I served a copy of this filing on opposing counsel through the Court's ecf system.

Respectfully Submitted,

By:

By: /s/ Charles Burnham
Charles Burnham, Esq.
BURNHAM & GOROKHOV, PLLC
1674 K Street NW, Suite 550
Washington, DC 20006
(202) 386-6920 (phone)
(202) 765-2173 (fax)
charles@burnhamgorokhov.com

CERTIFICATE OF LENGTH LIMITATIONS

I, Charles Burnham, certify that this document complies with the Court rules on length.  It contains 257 words.

Respectfully Submitted,

By:


By: /s/ Charles Burnham
Charles Burnham, Esq.
BURNHAM & GOROKHOV, PLLC
1674 K Street NW, Suite 550
Washington, DC 20006
(202) 386-6920 (phone)
(202) 765-2173 (fax)
charles@burnhamgorokhov.com