UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CASE NO. 21-CR-140-JDB |
| v. : | |
| : | |
| LARRY BROCK, : | |
| : | |
| Defendant. : | |

## GOVERNMENT'S RESPONSE TO BROCK'S MOTION TO VACATE PURSUANT TO 28 U.S.C. § 2255

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this response to Defendant Larry Brock's Motion to Vacate Pursuant to 28 U.S.C. § 2255. The Government submits that the appropriate remedy in this case is vacatur of Count One of the superseding indictment. The government continues to evaluate this case for retrial.

## PROCEDURAL HISTORY

Brock was charged in a six count Superseding Indictment that was returned on June 23, 2021. Brock was charged with a violation of Title 18, United States Code, Sections 1512(c)(2) and 2 (Obstruction of an Official Proceeding and Aiding and Abetting) (Count One), in addition to five misdemeanor offenses.

On November 16, 2022, Brock was convicted of all counts of the Superseding Indictment following a bench trial before the Court. November 16, 2022 Minute Entry.

On March 17, 2023, the Court sentenced Brock, principally, to 24 months incarceration on Count One, a term of 12 months incarceration on Counts 2 and 3, each, and a term of 6 months incarceration on Counts 4 through 6, each, all to run concurrently. March 17, 2023 Minute Entry.

On March 31, 2023 Brock filed an appeal in this case with the D.C. Circuit Court of Appeals. ECF No. 100. On March 1, 2024 the D.C. Circuit issued its decision in this case affirming the 18 U.S.C. § 1512(c)(2) conviction, but reversing the Court's ruling on a sentencing enhancement. No. 23-3045, 2024 WL 875795 (D.C. Cir. Mar. 1, 2024). On April 23, 2024, the D.C. Circuit issued its mandate in this case. ECF No. 122.

On July 3, 2024 Brock filed a Motion to Vacate Pursuant to 28 U.S.C. § 2255 addressing Count One of his superseding indictment. ECF No. 123. On July 24, 2024 this Court set the Government's response due date of September 20, 2024, and Brock's reply due October 4, 2024. Brock's resentencing is set for November 1, 2024.

## ARGUMENT

A § 2255 motion is not the appropriate vehicle to vacate Count One of the superseding indictment because there is no final judgment in this resentencing posture. 28 U.S.C. § 2255 provides that "A prisoner in custody *under sentence of a court* established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Thus, the defendant may move to vacate, set aside, or correct a *sentence* that he believes is unlawful. 28 U.S.C. § 2255. But per the mandate by the Circuit, this case is proceeding to a resentencing in light of *Brock* and *Fischer*. There is thus no final judgment yet.

The government does concur that the defendant was convicted of Count One of the superseding indictment using a legal standard that is no longer correct. *See Fischer v. United States*, 603 U.S. ___, 2024, 124 S. Ct. 2176 (2024). Thus, the appropriate remedy is vacatur of the conviction, as if the defendant had filed a motion under Rule 33 alleging a legal error at trial.

At that point, the government would decide whether to retry the defendant under the new legal standard. While the government continues to evaluate the issue, the facts of this case suggest, particularly given Brock's presence and actions on the Senate Floor, the very place where the evidence in the proceeding was to be considered, that it may be an appropriate candidate for retrial. *See Id.* at 2190 (delineating that it would still remain a crime to attempt to impair the integrity of availability of records, documents, objects, or other things used in the proceeding); *id.* at 2194 (Jackson, J., concurring) ("And it might well be that Fischer's conduct, as alleged here, involved the impairment (or the attempted impairment) of the availability or integrity of things used during the January 6 proceeding").

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY

BY: */s/ April H. Ayers-Perez*
April H. Ayers-Perez
Trial Attorney
TX Bar No. 24090975
U.S. Department of Justice
Phone No.: 202-894-4237
Email: April.AyersPerez@usdoj.gov

CERTIFICATE OF SERVICE

I certify that I served a copy of this filing on opposing counsel through the Court's ECF system.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY


BY: */s/ April H. Ayers-Perez*
April H. Ayers-Perez
Trial Attorney
TX Bar No. 24090975
U.S. Department of Justice
Phone No.: 202-894-4237
Email: April.AyersPerez@usdoj.gov

4