# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES | : | |
| | : | |
| v. | : | No. 1:21-cr-140 |
| | : | |
| LARRY BROCK: | : | |
| | : | |
| | : | |

## MOTION TO CONTINUE STATUS REPORT DEADLINE IN RESPONSE TO PRESIDENTIAL ELECTION AND FOR OTHER RELIEF

As explained below, the results of the 2024 Presidential Election make it highly likely that the incoming President and his Department of Justice will soon make policy decisions that will have a significant and perhaps decisive effect on Mr. Brock's case. However, the government is not only insisting on its plan to retry Mr. Brock but will not agree to a reasonable continuance of the November 15 status deadline to get a better idea of where things are headed, as Judge Chutkan as done in the lead January 6 case *United States v. Donald J. Trump*.

For the reasons set forth below, this Court should set a status date for some time in the first quarter of 2025. If the Court is not prepared to take that action at this time, it should continue the status date to allow the government to respond to the issues Mr. Brock raises here, and for Mr. Brock to reply to that response.

## RELEVANT PROCEDURAL BACKGROUND

Mr. Brock is before the Court for resentencing following remand by the Court of Appeals. In addition, the Court of Appeals had previously sustained Mr. Brock's obstruction conviction but the government has since conceded that it is legally flawed under the Supreme Court's decision in *Fischer v. United States*. The prosecution announced by email on October 22, 2024 that it intended to retry Mr. Brock. The Court ordered the parties to submit a status report by November 15 stating their positions on future proceedings.

## ARGUMENT

### I. Mr. Brock's is the Paradigmatic Case for a Presidential Pardon

On November 7, 2024 Donald J. Trump won the election for President of the United States. Former President Trump explicitly campaigned on justice for the January 6 defendants. For example, on July 31, 2024, in an appearance before the National Association of Black Journalists, President Trump said he would "absolutely" pardon those convicted in the January 6th prosecutions because "they were convicted by a very tough system." Of those serving sentences for January 6 related convictions President Trump has stated "some call them prisoners. I call them hostages...release the J6 hostages, Joe. Release them, Joe. You can do it real easy, Joe."

Although President-elect Trump has at times stopped short of promising clemency for every single January 6 defendant, it is obvious that Larry Brock will be at the top of any pardon list. Ret. Lt. Col. Brock served this country honorably in the Air Force earning 6 Air Medals for valor in the Afghanistan war (roughly comparable to the Army's Bronze Star award) and one of his character references was a Major General. He behaved peacefully on January 6, protected Capitol policeman Nairobi Timberlake from assault by disorderly protesters, famously admonished a fellow protester who had ascended the Senate dais to "get out of that chair" and instructed other protesters entering the Senate chamber that "nobody breaks anything." He has already served a two-year Sentence in the Bureau of Prisons.

In addition, Mr. Brock has already twice been the victim of government overreach. As the Court is aware, the centerpiece of the government's January 6 prosecutions has been an Enron-era corporate crime known as "obstruction of an official proceeding" which the government unsuccessfully tried to retrofit for these cases. Correctly convinced that the prosecution's interpretation was wrong, Mr. Brock asked for a continuance of his trial until the appellate courts had a chance to bless or reject what the prosecution was doing. ECF 59 (September 21, 2022 Motion to Continue). At the government's urging, the Court denied the continuance. The prosecution later compounded its error by persuading the Court to impose a

sentencing enhancement later found to be erroneous by the D.C. Circuit in a major precedent-setting decision. *United States v. Larry Brock*, 94 F.4th 38 (D.C. Cir. March 1, 2024). Now, over two years later, even the prosecution admits that Mr. Brock's § 1512 was legally flawed as was his original sentence.

We would go so far as to say there is not a single January 6 defendant whose treatment by the government was so far out of proportion to his or her service to the country. The Court can therefore reasonably conclude that any pardon action by the incoming administration will include Mr. Brock.

**II.    The Incoming Administration is Not Likely to Adopt the Government's Overzealous Decision to Retry Mr. Brock in Defiance Basic Principles of Prosecutorial Discretion**

Even apart from the pardon question, there is no objective reason to insist on retrying Mr. Brock in these circumstances and we do not expect the incoming administration to do so. The prosecution's rationale for retrial is based on a thin legal reed with no factual support and is not justifiable under any theory of prosecutorial discretion.

In *Fischer v. United States*, one of the concurring opinions speculated that "it might well be that Fischer's conduct, as alleged here, involved the impairment (or the attempted impairment) of the availability or integrity of things used during the January 6 proceeding" which would allow the prosecution of him to continue. 603 U.S. 480, 506 (June 28, 2024). No other justice joined this opinion. The prosecution

has seized upon these few sentences in a non-controlling opinion to justify retrying Mr. Brock. It has decided on this course of action based on the unlikely hope that these stray sentences from a one justice opinion will someday be elevated to the law of the land. The prosecution's factual theory of guilt has also not been spelled out.

In addition to being legally and factually dubious, the prosecution's announced intention to continue its by this point three-year long pursuit of Mr. Brock offends basic principles of prosecutorial discretion. As the Supreme Court stated in *Wayte v. United States*, the government has "broad discretion" as to whom to prosecute. 470 U.S. 588, 607 (1985). This principle is embodied in the U.S. Attorney's manual which states that even where the prosecutor believes that "evidence will probably be sufficient to obtain and sustain a conviction" prosecution can be declined where it would "serve no substantial federal interest." USAM. 9-27.220.

Here, we have a combat veteran with no criminal history accused of protest-related offenses in a jurisdiction with a long history prosecuting such offenses in local courts or not at all. Mr. Brock served two years in prison with collateral consequences to numerous to name including losing his livelihood when after the FAA revoked is pilot's license.

An objective examination of Mr. Brock's case clearly compels the conclusion that there is no "substantial federal interest" in continuing to pursue him. *See also*,

*United States v. Jorn*, 400 U.S. 470, 479 (1971)("A power in government to subject the individual to repeated prosecutions for the same offense would cut deeply into the framework of procedural protections which the Constitution establishes for the conduct of a criminal trial."). This is especially true here, where the incoming administration as already announced it views the prosecution of January 6 defendants as broadly unjust. Thus, in the unlikely event that the clemency power is not exercised in a timely manner it seems virtually certain that the government will at the very least decline to attempt to force him to stand trial a second time for the same offense.

### III. Judge Chutkan Has Already Established an Important Precedent of Pausing January 6 Related Proceedings to Await the Incoming Administration

A precedent has already been established in favor of a reasonable continuance in the lead January 6 case. On Thursday November 7, President-elect Trump stated publicly that he would fire Special Counsel Jack Smith "within two seconds." The next day, the Office of the Special Counsel filed a "Motion to Vacate" so perfunctory it can be quoted in full here:

> As a result of the election held on November 5, 2024, the defendant is expected to be certified as President-elect on January 6, 2025, and inaugurated on January 20, 2025. The Government respectfully requests that the Court vacate the remaining deadlines in the pretrial schedule to afford the Government time to assess this unprecedented circumstance and determine the appropriate course going forward consistent with Department of Justice policy. By December 2, 2024 the Government will file a status report or otherwise inform the Court of

the result of its deliberations. The Government has consulted with defense counsel, who do not object to this request.

*United States v. Donald J. Trump*, 23-cr-257, ECF 278.

Judge Chutkan granted the motion the same day in a minute order. Although the order has no analysis, the motivation underlying it is obvious. It would have been a waste of the Court's resources, and an unnecessary expense imposed upon the defendant to continue preparations for a case that would likely never make it to trial.

The same considerations apply to the lesser-known January 6 defendants, especially those like Mr. Brock who were not violent. It would also be inequitable to relieve the lead January 6 defendant of the continued burden of federal prosecution while those of more modest means and no power are forced to continue fighting their cases for at least several more months.

### IV.   Request for Preservation of Records

Mr. Brock intends to pursue all collateral and non-collateral legal remedies that become available to him to contest his remaining convictions and wishes to make his demand for preservation of evidence a part of the record of post-election proceedings in this case. He therefore requests the U.S. Attorney's Office, including the so-called "Capitol Siege Section", to preserve all material relating to his case including emails, texts and notes, whether or not produced in discovery and irrespective of any personnel changes that may occur. This request also applies to

all government agencies that cooperated in his prosecution according to the principles set forth by the Supreme Court in *Kyles v. Whitley*. 514 U.S. 419 (1995).

In addition, members of Congress have recently sent a letter to the Office of Special Counsel citing new articles reporting that those prosecutors had been "gaming out legal options" if the former President won the election. Ex. 1. If the U.S. Attorney's Office has engaged in any similar planning with respect to the election we specifically request that the Office preserve any material related to that because it may be the subject of future discovery requests and/or pretrial motions.

## CONCLUSION

For the foregoing reasons Mr. Brock respectfully requests the Court to set a status conference or require a status report to be filed within a reasonable time after January 20, 2025. In the alternative, Mr. Brock requests the Court to continue the November 15 status date for a time sufficient to allow the government to respond to this motion and for Mr. Brock to reply to the response.

Respectfully submitted,

By: /s/ Charles Burnham
Charles Burnham, Esq.
DC Bar 1003464
BURNHAM & GOROKHOV, PLLC
1634 I Street NW, Suite 550
Washington, DC 20006
(202) 386-6920 (phone)
(202) 765-2173 (fax)
charles@burnhamgorokhov.com