UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES,<br><br>    Plaintiff,<br><br>    v.<br><br>LARRY RENDALL BROCK,<br><br>    Defendant. | Criminal Action No. 21-140 (JDB) |

## ORDER

This is the unusual case in which defendant and prosecution agree on the necessary outcome: Larry Brock's conviction for obstructing an official proceeding in violation of 18 U.S.C. § 1512(c)(2) must be vacated. The parties only diverge with regard to procedure. For the reasons explained below, the Court adopts neither party's proposed procedure and instead reconsiders its denial of Brock's motion to dismiss.

Brock was charged with six offenses related to the breach of the United States Capitol on January 6, 2021. See Superseding Indictment [ECF No. 24] ("Indictment"). Before trial, Brock moved to dismiss Count I, which charged a violation of 18 U.S.C. § 1512(c)(2), because that statute "only applie[s] to obstruction with regard to documents, records, and other object[s]." Mot. to Dismiss Count I or for a Bill of Particulars [ECF No. 46] at 2. The Court denied the motion, sticking to the then-prevailing understanding of the judges of this court that the statute applies to "the myriad means that human ingenuity might devise to permit a person to obstruct an official proceeding, not only to those involving documents or records." United States v. Brock, 628 F. Supp. 3d 85, 91 (D.D.C. 2022) (internal quotation marks omitted). Employing that understanding of the statute, this Court convicted Brock on all counts after a bench trial. Tr. of

1

Bench Trial – Day 3 [ECF No. 81] at 392:12–394:13; 413:14–18, United States v. Brock (Crim. A. No. 21-140 (JDB)). The Court then sentenced Brock to a total of twenty-four months of incarceration followed by an equal term of supervised release, applying—again reflecting the prevailing view—a three-level enhancement for "substantial interference with the administration of justice" under U.S.S.G. § 2J1.2(b)(2). Sent'g Tr. [ECF No. 112] at 26:7–28:8, United States v. Brock (Crim. A. No. 21-140 (JDB)).

The D.C. Circuit affirmed Brock's convictions but concluded that the sentencing enhancement was improper. United States v. Brock, 94 F.4th 39, 46–47, 50–59 (D.C. Cir. 2024). Accordingly, it vacated Brock's sentence and remanded the case to this Court for resentencing. Id. at 59. Soon thereafter—and before the resentencing—it became clear that Brock's conviction was in as much doubt as his sentence when the Supreme Court rejected the understanding of § 1512 that this Court and the Court of Appeals had employed. See generally Fischer v. United States, 603 U.S. 480 (2024).

Recognizing Fischer's relevance to his case, Brock moved the Court pursuant to 28 U.S.C. § 2255 to vacate his § 1512 conviction. See Mot. to Vacate Pursuant to 28 U.S.C. § 2255 [ECF No. 123] ("Mot. to Vacate"). The government opposed—not because it believed Brock's § 1512 conviction could stand, but because it perceived a flaw in § 2255 as a mechanism for vacatur of that conviction. See Gov't Resp. to Mot. to Vacate [ECF No. 130] ("Gov't Resp."). As the government pointed out, Brock was (and is) not "under sentence of a court" as required by § 2255 because the Court of Appeals vacated his sentence and this Court had (and still has) not yet reimposed one. Id. at 2; see United States v. Gonzalez, 291 F. App'x 392, 394 (2d Cir. 2008); United States v. James, Crim. A. No. 06-19 (EGS), 2012 WL 13105117, at *1 (D.D.C. Nov. 8, 2012) (noting that § 2255 motion filed before sentencing was premature). Therefore, the

2

government proposed that Brock file a motion for a new trial under Federal Rule of Criminal Procedure 33. Gov't Resp. at 2–3.

Brock now seems to concede that relief under § 2255 is currently unavailable. See Joint Status Report [ECF No. 134] at 2–3. But rather than follow the government's proposed Rule 33 path, he offers two alternatives. Primarily, he asks the Court to follow Judge Howell's example in a nearly identical case in which she vacated a § 1512 conviction using Federal Rule of Criminal Procedure 52(b), which Judge Howell concluded authorizes a court sua sponte to consider a "plain error that affects substantial rights." Id. at 3; see United States v. Carnell, Crim. A. No. 23-139 (BAH), 2024 WL 4443746, at *3–5 (D.D.C. Oct. 7, 2024). But if the Court agrees with the government that Rule 52 is not an appropriate mechanism, he alternatively asks the Court to impose a nominal sentence on the § 1512 conviction, after which he will refile his then-ripe § 2255 motion. See Joint Status Report at 3–4.

None of the parties' suggestions is quite satisfactory. Because the Court has no authority to invoke Rule 33 without a defense motion, that option is off the table. See Fed. R. Crim. P. 33(a) (authorizing courts to grant a new trial "[u]pon the defendant's motion"); United States v. Green, 414 F.2d 1174, 1175 (D.C. Cir. 1969); Carnell, 2024 WL 4443746, at *5.[1] Meanwhile, Rule 52 is an imperfect fit, as it appears to offer only a standard for assessing plain error, not a mechanism for mending it.[2] And as for Brock's final suggestion, the Court is reluctant to impose a sentence on a conviction that all agree is invalid.

---

[1] The Court observes that Brock at one point suggested that the Court could treat his § 2255 motion as a Rule 33 motion. See Reply [ECF No. 131] at 1. But Brock backed off that suggestion in the most recent joint status report, citing unspecified "legal problems" with the Rule 33 route. Joint Status Report at 3. Given that equivocation and the lack of an actual Rule 33 motion, the Court must proceed as if there is no such motion. It is worth noting, however, that the Rule 33 route holds some promise for achieving Brock's objective.

[2] Federal Rule of Criminal Procedure 52 reads:
(a) HARMLESS ERROR. Any error, defect, irregularity, or variance that does not affect substantial rights must be disregarded.

3

The Court sees no reason to continue to navigate these difficult questions. Instead, it will reconsider its earlier denial of Brock's motion to dismiss, now with the benefit of the Supreme Court's ruling in Fischer. It can do so, in short, for two reasons. First, the D.C. Circuit's vacatur of Brock's sentence renders this Court's prior order denying Brock's motion to dismiss an interlocutory order that the Court may reconsider. And second, Fischer's rejection of the D.C. Circuit's interpretation of § 1512(c)(2) frees the Court from the mandate rule that would otherwise limit it to implementing the Circuit's mandate.

Courts retain authority to reconsider their interlocutory rulings until final judgment is issued. Langevine v. District of Columbia, 106 F.3d 1018, 1023 (D.C. Cir. 1997); see also United States v. Ibarra, 502 U.S. 1, 5 (1991) (referring to the "consistent practice in civil and criminal cases alike" of permitting reconsideration in certain circumstances). Here, of course, final judgment was issued: the Court not only found Brock guilty but also pronounced sentence, thereby completing "the judgment of the court." United States v. Love, 593 F.3d 1, 9 (D.C. Cir. 2010); see also Parr v. United States, 351 U.S. 513, 518 (1956) ("Final judgment in a criminal case means sentence." (internal quotation marks omitted)). But the D.C. Circuit reopened Brock's case when it vacated his sentence. That is because the pronouncement of a sentence "remains the judgment" only "until . . . vacated and set aside or reversed on appeal." United States v. Miller, 35 F.4th 807, 819 (D.C. Cir. 2022) (quoting Love, 593 F.3d at 9). So, even though the D.C. Circuit upheld Brock's conviction and vacated only his sentence, it nonetheless rendered this Court's previous rulings as to Brock's guilt non-final when it remanded the case for resentencing.

That doesn't mean the D.C. Circuit's affirmance of Brock's conviction was without consequence. In the normal course, the mandate rule would restrict this Court's actions on remand

---

(b) PLAIN ERROR. A plain error that affects substantial rights may be considered even though it was not brought to the court's attention.

4

to those prescribed by the appellate court: "resentencing without the application of" the erroneously applied sentencing enhancement while leaving the conviction untouched. Brock, 94 F.4th at 59; see Miller, 35 F.4th at 815 ("Under the mandate rule, 'an inferior court has no power or authority to deviate from the mandate issued by an appellate court.'" (quoting Briggs v. Pa. R. Co., 334 U.S. 304, 306 (1948))). Absent special circumstances, any attempt by Brock to challenge his conviction, as opposed to his sentence, "would have been outside the scope of the remand" and thus precluded. Sanders v. Caraway, 859 F. Supp. 2d 78, 82 (D.D.C. 2012). But after the Circuit's mandate, special circumstances arose: "an intervening Supreme Court decision"—Fischer—"chang[ed] the law." McKesson Corp. v. Islamic Republic of Iran, 52 F.3d 346, 350 (D.C. Cir. 1995). As a result, the mandate rule does not restrict this Court's handling of Brock's case solely to implementing the D.C. Circuit's instructions. Id.

The change Fischer wrought, all now concede, rendered Brock's § 1512 conviction untenable. It also did something else of significance given the parties' inability to agree on a path to vacatur of that conviction: it made clear that the Court's earlier ruling on Brock's motion to dismiss was incorrect. Recall that, before trial, Brock presented the Court with exactly the theory of § 1512 that would eventually prevail in Fischer. The Court, however, applied what was then the dominant understanding of that statute, explaining that there was no basis in the statutory text for limiting its prohibitions to activity endangering the availability or integrity of records, documents, or evidence. Brock, 628 F. Supp. 3d at 91. But it was Brock's view, not this Court's, that prevailed at the Supreme Court.

So the Court now exercises its inherent authority—unbounded by either a final judgment or the mandate rule, as explained above—to reconsider its earlier ruling on the motion to dismiss. See, e.g., McNamara v. Nat'l R.R. Passenger Corp., Civ. A. No. 87-236 (JHP), 1987 WL 14594,

at *1 (D.D.C. July 17, 1987) (sua sponte reconsidering ruling on motion to dismiss after intervening and binding appellate authority). There is no need for much ink. The Court should reconsider its earlier ruling if, among other things, "an intervening change in controlling law" or "a need to correct clear error or prevent manifest injustice" demands it. United States v. Entrekin, Crim. A. No. 21-686 (RDM), 2023 WL 8827069, at *1 (D.D.C. Dec. 21, 2023) (internal quotation marks omitted). Both are true here. After Fischer, the Court's earlier ruling on the motion to dismiss was incorrect—and clearly so.

Accordingly, upon reconsideration, the Court will grant Brock's motion to dismiss and thus dismiss Count I of the indictment without prejudice. See United States v. Hillie, 227 F. Supp. 3d 57, 81 (D.D.C. 2017). The government must determine within fourteen days whether it intends to seek a superseding indictment containing sufficient allegations to charge Brock under the correct, post-Fischer understanding of 18 U.S.C. § 1512. See id. at 82 (following this course of action after dismissing an indictment); United States v. Slough, 679 F. Supp. 2d 55, 58 (D.D.C. 2010) ("In most instances, the dismissal of an indictment does not bar the government from seeking re-indictment if, in so doing, it can cure the defect that required the dismissal of the original indictment.").

**Conclusion**

For the above reasons, upon reconsideration, the Court **GRANTS** Brock's motion to dismiss Count I [ECF No. 46], **VACATES** Brock's conviction on that count, **DENIES AS MOOT** Brock's motion pursuant to § 2255 [ECF No. 123], and **ORDERS** the government to indicate by not later than January 23, 2025 whether it intends to seek a superseding indictment. **SO ORDERED**.

/s/
JOHN D. BATES
United States District Judge

Dated: January 9, 2025