**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | **1:21-cr-00140-JDB-1** |
| **v.** | : | |
| | : | |
| **LARRY RENDALL BROCK,** | : | |
| **Defendant** | : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION**
**FOR RETURN OF MONETARY PENALTIES**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby responds to Larry Rendall Brock's motion to return the $180 special assessment and $2,000 restitution paid for disbursement to the Architect of the Capitol. ECF No. 140.

On November 16, 2022, the Court found Mr. Brock guilty of multiple offenses following a bench trial. ECF No. 81 (Trial Tr. Nov. 16, 2022). On March 17, 2023, the Court sentenced defendant for the offenses. *See* ECF No. 98 (Judgment and Commitment Order). As part of its sentence, the Court ordered Mr. Brock to pay a $180 special assessment and $2,000 in restitution to the Architect of the Capitol. *Id.* at 7. Mr. Brock timely appealed his conviction. ECF No. 100. The Court of Appeals remanded the case to this Court for resentencing. ECF No. 122 (mandate) at 1. However, prior to the resentencing, Mr. Brock was pardoned. Proclamation No. 10887, 90 Fed. Reg. 8331 (Jan. 29, 2025). Pursuant to the President's executive order directing the Attorney General to pursue dismissal with prejudice of all pending cases against individuals for their conduct related to the events at or near the United States Capitol on January 6, 2021, *id.*, the government moved to dismiss the case with prejudice

under Federal Rule of Criminal Procedure 48(a), ECF No. 136. On January 21, 2025, the Court dismissed the case with prejudice and directed the Clerk of Court to terminate the case. ECF No. 137.

In an undated motion docketed on September 28, 2026, Mr. Brock requests a refund of the special assessment and restitution that he paid. ECF No. 140. The government agrees that Mr. Brock is entitled to the return of those funds. Generally, a pardon "does not make amends for the past. It affords no relief for what has been suffered by the offender in his person by imprisonment, forced labor, or otherwise; it does not give compensation for what has been done or suffered, nor does it impose upon the government any obligation to give it." *Knote v. United States*, 95 U.S. 149, 153-54 (1877). As a result, a pardon does not "affect any rights which have vested in others directly by the execution of the judgment for the offence, or which have been acquired by others whilst that judgment was in force." *Id.* at 154. When that occurs, "[t]he rights of the parties have become vested, and are as complete as if they were acquired in any other legal way. So, also, if the proceeds have been paid into the treasury, the right to them has so far become vested in the United States that they can only be secured to the former owner of the property through an act of Congress." *Id.*; *see also Ex parte Garland*, 71 U.S. 333, 381 (1867) ("There is only this limitation to its operation: it does not restore offices forfeited, or property or interests vested in others in consequence of the conviction and judgment.").

Thus, for example, in *Fordham v. Georgia Department of Administrative Services*, No. 23- 11214, 2023 WL 5747709 (11th Cir. Sept. 6, 2023), the Eleventh Circuit rejected a defendant's request for "reimbursement of the restitution payments he made before his pardon[.]" *Id.* at *1. The district court in that case had "properly concluded that Fordham's pardon discharged his obligation to make *future* restitution payments." *Id.* at *2. But as to the

restitution payments that the defendant had already made, "[t]he district court transferred all restitution monies to the victims, so the property rights to those funds have fully vested in the Department and Great American. In short, the money Fordham seeks is long gone. Allowing him to claw back past restitution payments under guise of a presidential pardon would impair the Department and Great American's accrued property rights in that money, an outcome plainly proscribed by the Supreme Court." *Id.*; *see also Boultbee v. United States*, No. 23-1884, 2024 WL 3220261, at *3 (Fed. Cl. June 27, 2024) (dismissing, for lack of subject matter jurisdiction, Tucker Act claim brought by pardoned plaintiff who sought a refund of all financial penalties collected; explaining that the "pardon power is not money mandating when the money is paid pursuant to a criminal conviction has vested in a third party").

Here, however, Mr. Brock was not just pardoned. Instead, while his case was on remand pending resentencing, this Court dismissed the case. In this unusual situation, the Supreme Court's decision in *Nelson v. Colorado*, 581 U.S. 128 (2017), controls. There, the Court addressed the question: "When a criminal conviction is invalidated by a reviewing court and no retrial will occur, is the State obliged to refund fees, court costs, and restitution exacted from the defendant upon, and as a consequence of, the conviction?" *Id.* at 130. The Court found that it was. *Id.* The Court held that, "[t]o comport with due process, a State may not impose anything more than minimal procedures on the refund of exactions dependent upon a conviction subsequently invalidated." *Id.* at 139; *see also Boultbee v. United States,* No. 23-1884, 2024 WL 3220261, at *4 (Fed. Cl. June 27, 2024) (*"Nelson* involved individuals whose convictions were invalidated on appellate review, not pardons"). Relying on *Nelson*, courts of appeals have held that, when a defendant dies during the pendency of the appeal, his estate is entitled to a return of fines, fees, and restitution. *See, e.g.*, *United States v. Libous*, 858 F.3d 64, 69 (2d Cir.

2017) ("If Libous's conviction is to be vacated and his indictment dismissed, as our precedents require, then his estate is entitled to the return of the fine.").

Here, Mr. Brock's convictions were ultimately dismissed, and thus "there is no longer any basis justifying the government's retaining funds exacted only as a result of" those convictions. *United States v. Ajrawat*, 738 F. App'x 136, 139 (4th Cir. 2018). The government therefore agrees that Mr. Brock is entitled to reimbursement of the payments he made toward his now-vacated special assessment and restitution obligation.[1]

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

KACIE M. WESTON
Chief, Special Proceedings Division

*<u>/s/ Thomas Stutsman</u>*
THOMAS STUTSMAN
Assistant United States Attorney
Minnesota Bar No. 0392603
Special Proceedings Division
601 D Street NW
Washington, D.C. 20530
(202) 252-7578
Thomas.Stutsman@usdoj.gov

[1] Because the Architect of the Capitol is a governmental entity, the government understands *Nelson* to entitle Mr. Brock to a refund of that restitution payment. The government does not believe that *Nelson* would require that result had the restitution payment been disbursed to and vested in a third-party victim. *See Osborn v. United States*, 91 U.S. 474, 477 (1875) ("The government can only release what it holds."); *Knote*, 95 U.S. at 154; *Fordham*, 2023 WL 5747709, at *2 ("Allowing [the defendant] to claw back past restitution payments under guise of a presidential pardon would impair the Department and Great American's accrued property rights in that money, an outcome plainly proscribed by the Supreme Court."); *United States v. Reynolds*, 98 F.4th 62, 72 (1st Cir. 2024) (following *Nelson*, but declining to decide "whether the different considerations that might arise where forfeited property had been distributed to victims before a defendant's death would call for a different result").

**CERTIFICATE OF SERVICE**

I hereby certify that I caused service of the foregoing to be made through the Court's ECF system on October 15, 2026. I further certify that I caused a copy of the foregoing to be posted for first-class delivery to Larry Brock through the U.S. mails on October 15, 2026. I sent this pleading to the mailing address the Clerk's Office has on file for Mr. Brock.

*/s/ Thomas Stutsman*
THOMAS STUTSMAN
Assistant United States Attorney