UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>LARRY BROCK | Crim. A. No. 21-140 (JDB) |

# MEMORANDUM OPINION

On January 6, 2021, Larry Brock participated in the riot at the United States Capitol. Brock was convicted of six offenses, one felony and five misdemeanors, related to his conduct on that day. This Court sentenced Brock to a period of incarceration and ordered him to pay restitution and a special assessment. On appeal, the D.C. Circuit vacated Brock's sentence on the felony conviction, ruling that this Court wrongly applied a sentencing enhancement, and remanded for resentencing. Before Brock was resentenced, this Court determined that intervening Supreme Court precedent required the Court to vacate Brock's felony conviction, because the conviction had been entered under a legal standard that was no longer correct.

Days later, President Donald Trump was inaugurated for his second presidential term and immediately granted a blanket pardon for all offenses related to the events of January 6. This Court then dismissed the indictment against Brock and terminated the case. Brock now moves for return of the $2180 he paid in monetary penalties—$2,000 in restitution and a $180 special assessment. This Court is again "called upon to do what the law requires, even [though] it may seem at odds with what justice or one's initial instincts might warrant." United States v. St Cyr, 804 F. Supp. 3d 1, 4 (D.D.C. 2025). This Court will grant Brock's motion as it pertains to money he paid as part of his sentence for the now-vacated felony conviction, but will deny it as to money

he paid as part of his sentence for the misdemeanor convictions, which were dismissed but not vacated.

## BACKGROUND

On the afternoon of January 6, 2021, Congress assembled a joint session to certify the Electoral College's election of Joseph Biden as the forty-sixth President of the United States. That same day, President Donald Trump—Biden's opponent in the 2020 election—held a rally on the National Mall to champion his view that the election was illegitimate, which Brock and other supporters attended. See Trump v. Thompson, 20 F.4th 10, 17–18 (D.C. Cir. 2021). As the time of Congress's joint session approached, many of the rallygoers, including Brock, made their way to the Capitol and ultimately forced their way inside.

A few months later, a grand jury returned an indictment charging Brock with six counts: (1) felony obstruction of an official proceeding in violation of 18 U.S.C. § 1512(c)(2) (including aiding and abetting liability); (2) misdemeanor entering and remaining in a restricted building or grounds in violation of 18 U.S.C. § 1752(a)(1); (3) misdemeanor disorderly and disruptive conduct in a restricted building or grounds in violation of 18 U.S.C. § 1752(a)(2); (4) misdemeanor entering and remaining on the floor of Congress in violation of 40 U.S.C. § 5104(e)(2)(A); (5) misdemeanor disorderly conduct in a Capitol building in violation of 40 U.S.C. 5104(e)(2)(D); and (6) misdemeanor parading, demonstrating, or picketing in a Capitol building in violation of 40 U.S.C. § 5104(e)(2)(G). See Indictment [ECF 24]. Brock waived his right to a jury trial, and after a bench trial the Court rendered a verdict of guilty on all six counts. See Nov. 7, 2022 Minute Entry; Nov. 16, 2022 Minute Entry; Judgment [ECF 98] at 1.

In addition to sentencing Brock to a period of incarceration, the Court ordered him to pay a statutorily-determined $180 special assessment, as well as $2,000 in restitution to the Architect

of the Capitol. Judgment at 3–4, 7. Brock paid both of those penalties a few months later. Payment [ECF 140-1] at 3–4.

Brock appealed to the D.C. Circuit, challenging his Section 1512(c)(2) conviction and sentence. United States v. Brock, 94 F.4th 39, 42 (D.C. Cir. 2024). The D.C. Circuit rejected Brock's challenges to the conviction. See id. at 46, 59 (D.C. Cir. 2024). But the Circuit agreed that this Court improperly applied a sentencing enhancement, "vacat[ed] Brock's sentence for his Section 1512(c)(2) conviction and remand[ed] to the district court for resentencing without the application of [that] sentencing enhancement." Id. at 59; see D.C. Cir. J. [ECF 122-1].

After the case was remanded, but before Brock was resentenced, the Supreme Court decided Fischer v. United States, 603 U.S. 480 (2024), and rejected the understanding of Section 1512(c)(2) that both this Court and the D.C. Circuit had employed when convicting Brock and affirming his conviction. Both Brock and the government agreed that Brock's Section 1512(c)(2) conviction should be vacated because the conviction "was entered under a legal standard that is no longer correct after Fischer." Nov. 15, 2024 Joint Status Report [ECF 134] at 2–3. This Court then dismissed Count 1 of the indictment (the Section 1512(c)(2) count) without prejudice and vacated Brock's conviction on that count. Order Dismissing Count 1 [ECF 135] at 6.

Days later, President Trump was inaugurated for his second term as President and immediately issued a blanket pardon for all those convicted of offenses related to the events of January 6, 2021. See 90 Fed. Reg. 8331 (Jan. 20, 2025). The President also directed the Attorney General to pursue dismissal of all relevant pending indictments. Id. Pursuant to those directives, the government filed an unopposed motion to dismiss the indictment against Brock with prejudice.

Gov't Mot. to Dismiss [ECF 136]. This Court granted the motion to dismiss, dismissed the indictment, and terminated the case. Order Terminating Case [ECF 137].

More than a year and a half later, Brock filed a motion seeking the return of the special assessment and restitution he paid. Mot. for Refund [ECF 140]. The government supports Brock's request for a refund. Gov't Response to Mot. for Refund [ECF 141] at 3–4.[1] The motion is now ripe for the Court's consideration.

**ANALYSIS**

Brock is far from the only January 6 defendant to make a motion for return of monetary penalties. See St Cyr, 804 F. Supp. 3d at 5 n.4 (D.D.C. 2025) (collecting cases); United States v. Ballenger, 811 F. Supp. 3d 123 (D.D.C. 2025). When presented with these motions, most other judges in this district have denied them. See St Cyr, 804 F. Supp. 3d at 5 n.4 (citing cases). With great respect to those judges, this Court parted from those opinions and granted a defendant's motion for a refund last year in St Cyr. Id. at 13; see Ballenger, 811 F. Supp. 3d at 132 (opinion of Judge Chief Boasberg also granting January 6 defendant's motion for return of monetary penalties). Seeing no reason to depart from the legal principles set out in its prior opinion, this Court will grant Brock's motion as it pertains to monetary penalties Brock paid as part of his sentence for his now vacated Section 1512(c)(2) conviction.

Brock's barebones argument in support of his motion rests entirely on this Court's decision in St Cyr. See Mot. for Refund at 1. There, the appeal from the January 6 defendant's conviction was pending at the time of the Presidential pardon, and the D.C. Circuit subsequently vacated the

[1] This Court has ancillary jurisdiction over Brock's motion. See United States v. Wilson, 540 F.2d 1100, 1103 (D.C. Cir. 1976) (holding district court had ancillary jurisdiction over criminal defendant's motion for return of seized property after sentencing). And the Court is satisfied that this motion presents a justiciable controversy "notwithstanding the parties' apparent lack of adversity" on this issue. See United States v. Vargas, 789 F. Supp. 3d 60, 63 n.3 (D.D.C. 2025) (quoting United States v. Windsor, 570 U.S. 744, 758 (2013)).

defendant's convictions. St Cyr, 804 F. Supp. 3d at 4. This Court then held that the defendant was entitled to recover the monetary penalties she had paid as part of her sentence because vacatur of a defendant's conviction "restore[s] her presumption of innocence and along with it, her right to the money she had paid because of the now-vacated conviction[s]." Id. at 4, 7 (citation modified); see Ballenger, 811 F. Sup. 3d at 128–29 (same). The Court also held that the Appropriations Clause posed no barrier to the refund because the United States was authorized to return St Cyr's money under the statutory provision appropriating funds to pay final judgments. Id. at 10–11 (citing 31 U.S.C. § 1304(a)); see Ballenger, 811 F. Supp. 3d at 129–30 (similar). And the Court had authority to enter a judgment ordering the United States to pay the defendant her refund thanks to jurisdiction granted by the Little Tucker Act. St Cyr, 804 F. Supp. 3d at 10–11 (citing 28 U.S.C. § 1346(a)(2)); see also Ballenger, 811 F. Supp. 3d at 130–31 (agreeing that the Court had authority to enter judgment against the United States but relying instead on "a longstanding rule of equity").

The legal principles set out in St Cyr and Ballenger apply to this case with equal force, and Brock is entitled to a refund of money he paid as part of his sentence for a now-vacated conviction. However, the procedural history of this case differs from that in St Cyr and Ballenger in a key respect: unlike the convictions at issue in those cases, Brock's convictions were not all vacated. Brock's sentence and conviction for violating Section 1512(c)(2) were both vacated. See D.C. Cir. J. (sentence vacated by the D.C. Circuit); Order Dismissing Count 1 at 6 (conviction vacated by this Court). But Brock's other convictions and sentences were not. And unlike St Cyr's appeal, Brock's appeal was not pending when President Trump entered the blanket pardon; at that time, Brock's case was back before this Court. Compare Mandate [ECF 122] (entered April 23, 2024), with 90 Fed. Reg. 8331 (pardon issued January 20, 2025). In accordance with the President's directives, the government asked this Court to "dismiss the superseding indictment

against the defendant with prejudice," but it did not ask this Court to vacate Brock's misdemeanor convictions. Gov't Mot. to Dismiss. So when this Court granted the government's motion, dismissing the indictment and terminating the case, it said nothing as to vacatur. See Order Terminating Case.

That difference is critical. Where no vacatur was entered, a pardon alone does not establish a defendant's right to the return of funds. Knote v. United States, 95 U.S. 149, 153–54 (1877). Accordingly, Brock has no right to the funds paid due to his five misdemeanor convictions. But the story is different for Brock's Section 1512(c)(2) conviction and sentence, which were both vacated. As this Court emphasized in St Cyr, "vacatur's effects do not turn on the reason behind the vacatur"; regardless of why it was entered, the vacatur "leaves the parties in the same situation as if no trial had ever taken place." 804 F. Supp. 3d at 8 (citation modified). So for that conviction, Brock is situated similarly to St Cyr and Ballenger; though the vacaturs were entered for different reasons, they each have the effect of restoring the defendant's innocence such that the government can no longer hold onto the defendant's money. St Cyr, 804 F. Supp. 3d at 6–7 (citing Nelson v. Colorado, 581 U.S. 128 (2017)).

So, for what money is Brock entitled to a refund? Start with the special assessment. The Court ordered Brock to pay a special assessment of $180—$100 on the felony conviction, $25 each on two of the misdemeanor convictions, and $10 each on the remaining three misdemeanor convictions. Judgment at 7; see March 17, 2023 Minute Entry.[2] Because Brock's felony conviction and sentence were both vacated, Brock has a right to the $100 special assessment he

[2] The March 17, 2023 minute entry states that the Court ordered only a $10 special assessment on Count One. That is a mistake. In accordance with the statutory requirement and the probation office's recommendation, the Court ordered a $100 special assessment on Count One. See 18 U.S.C. § 3013(a)(2)(A) (setting $100 special assessment for felony convictions where the defendant is an individual); Recommendation of Final Presentence Investigation Report [ECF 85] at 1.

paid for that conviction. But the five misdemeanor convictions were not vacated and hence a refund of $80 in special assessment is not warranted.

As to restitution, the Court ordered Brock to pay $2,000 in restitution to the Architect of the Capitol, but the Court did not expressly connect the payment of restitution to any particular conviction. See Judgment at 7. The Court cannot now distinguish which portion of the restitution judgment relates to which conviction. The Court imposed restitution as part of a "sentencing package," or, in other words, "a disposition in which the sentences on the various counts form part of an overall plan." United States v. Miller, 594 F.3d 172, 180 (3d Cir. 2010); accord United States v. Townsend, 178 F.3d 558, 567 (D.C. Cir. 1999) (recognizing the "sentencing package doctrine"). Because the Court required Brock to pay restitution as part of a sentencing package, it now holds that the D.C. Circuit's order vacating Brock's sentence for his Section 1512(c)(2) conviction and this Court's earlier order vacating Brock's Section 1512(c)(2) conviction likewise vacated, in its entirety, the order to pay restitution.[3] Thus, Brock "has a right to be refunded" the $2,000 in restitution "[he] paid the government as a result of [his] now-vacated conviction." St Cyr, 804 F. Supp. 3d at 9.

* * *

Because of the vacatur of Brock's Section 1512(c)(2) sentence and conviction, the law presumes that he is innocent. As a result, the government has no right to retain the restitution and

---

[3] Judges in this district typically required January 6 defendants convicted of a felony to pay $2000 in restitution, and those convicted of only a misdemeanor to pay $500 in restitution. Compare, e.g., St Cyr, 804 F. Supp. 3d at 4–5 (defendant convicted of two felonies and four misdemeanors ordered to pay $2,000 in restitution to the Architect of the Capitol), with Ballenger, 811 F. Supp. 3d at 127 (defendants convicted of four misdemeanors ordered to pay $500 in restitution to the Architect of the Capitol). But when Brock was sentenced, the Court did not expressly attribute $500 in restitution to Brock's misdemeanor convictions and the additional $1500 to his felony conviction. And the Court will not now impose that reasoning and hold that Brock is only entitled to $1500 in restitution, because it finds that doing so would be akin to impermissibly resentencing Brock. Cf. United States v. Goode, 953 F. Supp. 2d 74, 76 (D.D.C. 2013) ("A district court does not have inherent authority to modify a sentence once it has been imposed.").

special assessment Brock paid the government related to that conviction: the $100 special assessment and $2,000 in restitution, which the law deems always his. The Court will grant Brock's motion for a refund of that money. Otherwise, Brock's motion is denied.

However, currently pending before the D.C. Circuit are consolidated appeals presenting the question whether a defendant whose conviction was vacated on appeal because of a pardon is entitled to recover the money paid pursuant to the now-vacated judgment. See United States v. Sullivan, No. 25-3059 (D.C. Cir. argued October 19, 2026), consolidated with United States v. Santos, No. 25-3074; United States v. Hager, No. 25-3076; United States v. Cua, No. 25-3078; United States v. Kinnison, No. 25-3093. Though those cases each implicate vacatur enacted on appeal, the D.C. Circuit's resolution of those cases is likely to bear on this case as well. Accordingly, this Court will stay its judgment in favor of Brock until those appeals have been resolved. See St Cyr, 804 F. Supp. 3d at 13 n.16 (staying judgment pending appeals). A separate Order shall issue.

/s/
JOHN D. BATES
United States District Judge

Dated: October 26, 2026